## COUNTY OF BERKSHIRE, AT LENOX,
## SEPTEMBER TERM 1860.

PRESENT:

Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. PLINY MERRICK,
Hon. EBENEZER R. HOAR,
} JUSTICES.

---

## COMMONWEALTH *vs.* JOHN O. HAMILTON

An indictment for burning a building need not contain any averment of its value unless the punishment depends upon the value.

Under a statute, of which one section provides a punishment for the burning of a barn, and another section provides a more severe punishment for the burning of a barn within the curtilage of a dwelling-house, an indictment for the burning of a barn which does not allege that the barn was, or was not, within the curtilage of a dwelling-house is a good indictment on the former section.

An indictment on the Rev. Sts. c. 126, § 5, which avers that the defendant did burn a barn "then and there belonging to one J. S." sufficiently alleges the ownership of the property.

An indictment purporting in the caption to have been found at the superior court holden on a certain day, which is the first day of the term, is good, although in fact found on a subsequent day of the same term.

It is no ground of arresting judgment on an indictment, that in the signature of the foreman of the grand jury, the Christian name is represented by the initial letter only.

On the trial of an indictment for burning a barn, a witness testified that he had heard the defendant say that he believed that the owner of the barn had burned his barn himself to make money, and his father believed so too. The defendant, on cross-examination,

Commonwealth *v.* Hamilton.

asked the witness whether he had heard other people besides the defendant express a similar belief. The question was objected to and excluded. Before the close of the testimony the district attorney offered to waive the objection, but the defendant's counsel did not accept the offer. *Held*, that the defendant had no ground of exception to the exclusion of the evidence.

INDICTMENT for burning a barn, which purported by its caption to have been found " at the superior court begun and holden at Lenox within and for the county of Berkshire on the first Monday of July in the year one thousand eight hundred and sixty ; " charged the defendant with setting fire to and burning at Becket, on the 29th of February, in the night time, " a certain barn then and there in said Becket situate, and then belonging to one Calvin Geer; " and was signed " A true bill. C. Cleveland, foreman."

At the trial in the superior court, William E. Austin testified that the defendant said he believed Geer burned his own barn to make money, and his father believed so too. Upon cross-examination the defendant asked this witness : " Have you heard other people say that Geer burned his own barn, or they believed that Geer had burned his own barn ? " To this question the district attorney objected, and *Rockwell*, J. ruled it to be inadmissible. On the next day, before the testimony in the case was all in, the district attorney offered to waive his objection to this question, and to allow the witness to be recalled and answer it ; but the counsel for the defendant did not accept the offer.

The defendant, being convicted, alleged exceptions to the exclusion of the evidence, and to the overruling of a motion in arrest of judgment on the following grounds :

1st. Because the indictment did not allege that the barn was of any value, nor was the same proved to be of any value whatsoever ; 2d. Nor that the barn was not within the curtilage of a dwelling-house or other building, the burning whereof would be punished by imprisonment in the state prison for life, nor that it was a building other than is mentioned in the Gen. Sts c. 161, § 2, or in the Rev. Sts. c. 126, § 3 ; 3d. Nor that the barn was the real estate or property of Calvin Geer, or of any other person or persons whatsoever ; 4th. Because the indictment pur-

ported to have been found at the superior court holden on the first Monday in July 1860, whereas it was in fact found at an adjourned term of that court holden on the 9th of July 1860; 5th. Because it was not signed by the foreman of the grand jury, who appeared by the records of the court to have been Cyrus Cleveland.

*J. Branning*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth

Dewey, J. 1. This is a good indictment under the Rev. Sts. *c.* 126, § 5. The offence described in that section is not made punishable with reference to the value of the building destroyed, and the indictment is not defective by reason of not alleging a particular value to the building.

2. Nor is it necessary, in an indictment under this chapter, to set forth whether it charges an offence under the third or under the fifth section. If it omits the circumstances of aggravation constituting the greater offence, it is to be taken to be the lesser one, and punished only to that extent. *Commonwealth* v. *Squire*, 1 Met. 258. *Larned* v. *Commonwealth*, 12 Met. 240.

3. This indictment sufficiently alleges the ownership of the property, although not in the more usual and more technical language. That would be for the burning of a certain barn " of one C. G.," or " being the property of C. G." But the books of precedents also use the form "belonging to one C. G.," as in an indictment for malicious mischief to real property in 3 Chit. Crim. Law, 1116; and in an indictment for maliciously burning a meeting-house, and one for trespass upon real estate, in Davis Prec. 51, 257. One of the approved definitions of the word "belong" is " to be the property of," and "belonging" is " being the property of." Webst. Dict.

4. This indictment is not open to any objections as to the misrecital of the time of finding it. It describes the time as of the opening of the term, which is the usual form, although the indictment may be found at a subsequent day of the session. But in the present case there is nothing to show that the day is not accurately described as that on which the indictment was found.

5. It is no ground for arresting judgment, that the foreman, in his signature to the bill, has abbreviated his Christian name, signing the same with his surname and the initial of his Christian name. The practice of public functionaries of the highest grade, in putting their names to documents of the gravest character, might be cited in support of such form of signature. If it be not a valid form of certificate, the defendant has no bill of exceptions before us, inasmuch as the only certificate upon which he invokes our action to arrest this judgment of the superior court is signed " J. Rockwell, Justice of Superior Court."

6. As to the exception to the ruling upon the cross-examination of Austin, there are two sufficient answers: first, the evidence was properly excluded; and, second, the defendant had the opportunity to put in this testimony subsequently upon the withdrawal of the objection by the district attorney.

*Exceptions overruled.*