## Case No. 11,970.

ROBISON et al. v. CODMAN et al.

[1 Sumn. 121.][1]

Circuit Court, D. Maine. Oct. Term, 1831.

TENANCY IN COMMON—JOINT TENANCY—COURTESY
—DOWER—TRUST ESTATE—MERGER—
ADMINISTRATOR.

1. Where there are several grantees in a conveyance, who take in trust for certain purposes, they are, under the statute of Massachusetts of 1785 (chapter 62), to be deemed tenants in common, and not joint tenants.

2. If one joint tenant convey his share, that is a severance of the joint tenancy.

3. In Maine, a husband is entitled to hold a trust estate of his wife, as tenant by the courtesy.

4. A widow is not entitled to dower, in a trust estate held by her husband for third persons; nor in a reversion or remainder in a legal estate held by her husband.

[Cited in Brooks v. Everett, 13 Allen, 459.]

5. Where the legal estate and the trust estate are co-extensive, (as in fee,) and both become vested in the same person, there is a merger of the trust estate in the legal estate.

6. An administrator has no authority to sell an estate held by his intestate in trust for other

---

[1] [Reported by Charles Sumner, Esq.]

persons, as assets to pay the debts of the intestate.

This was a bill in equity, brought to determine the respective rights and interests of the several parties, plaintiffs and defendants, in certain lots of land in Portland, under the circumstances set forth in the bill. The bill was substantially as follows, those parts of it being omitted which are not necessary to a correct understanding of the points submitted by the parties, and decided by the court.

Thomas Robison, senior, ancestor of the plaintiffs, a citizen of the commonwealth of Massachusetts, resident in Portland, being seised and possessed of large estates in fee, and of large personal property, made his will August 7th, 1798, containing a devise and bequest to his wife, Elizabeth Robison, in the following words, viz.: "I give, devise, and bequeath unto my beloved wife, Elizabeth Robison, the interest of all the moneys, notes, and bonds, that I may have, or which may be due to me at the time of my decease; also, I give, devise, and bequeath unto my said wife, the use and improvement of all my estate, both real and personal, of whatever kind, name, or nature, whether lands, houses, stores, wharves, vessels, and every other kind that I may own or be possessed of at the time of my decease, for and during the time she shall remain my widow; and if she choose to marry, then I give, devise, and bequeath to my said wife the use and improvement of one third part of all my real estate, during her natural life, and one third part of all the personal estate that I may be possessed of at the time of my decease, to her, and her heirs and assigns, for ever." And in said will, the testator further devised and bequeathed to his daughters, Hannah Codman, since deceased, wife of Stephen Codman, Jane Hodges, since deceased, widow of Thomas Hodges, Martha, Ann E., and Eliza, plaintiffs, and to his sons, Thomas and Richard, since deceased, and to his son William, plaintiff, and their heirs and assigns, forever, "the whole of his estate, real and personal, which might remain after the decease or marriage of his said wife," to be equally divided between them, reserving the interest of his said wife therein, as aforesaid. And he appointed his said wife, and Richard Cartwright, his brother-in-law, Stephen Codman, his son-in-law, now resident of Boston aforesaid, and a citizen of the commonwealth of Massachusetts, Thomas Robison, Jr., his son, and his friend, Arthur McLellan, to be joint executors of his said will. Afterwards, viz. June 14th, 1802, the said testator for the nominal consideration of 30,000 dollars, when in truth nothing valuable was paid or secured, conveyed to said Arthur McLellan, by deed of general warranty, certain real estate lying in said Portland, being parcel of the estate devised in said will. The said McLellan, at the time of the execution and delivery of said deed to him, made and delivered to said Thomas Robison, the grantor, his bond, conditioned that he would hold the estate so conveyed to him in trust for the said grantor, and permit him to take the rents and profits thereof at his pleasure, or account with the said grantor for the same; and that he, the said McLellan, would convey said property to such persons as the grantor had or should, by deed or by his last will, order and designate as the grantees or devisees of the same, or of his estate and property in general. Afterwards, on the 27th day of March, A. D. 1806, the said Thomas Robison died in the actual and open possession of all the said lands, which he had continued to possess and enjoy ever after the making his said deed to said McLellan, in the same manner as before; and his will was duly proved in the probate court of the county of Cumberland in said district, July 23d, 1806, and letters testamentary thereon were granted in due form of law to Richard Cartwright, one of the executors therein named, the other persons named as executors having declined that trust. After the decease of said Thomas Robison, the said McLellan, on the 28th day of July, A. D. 1806, conveyed the same real estate by deed to the said Stephen Codman, Thomas Robison, Jr., and to Robert Ilsley, then resident of said Portland, who had become the second husband of said Jane Hodges, and at the same time said Cartwright delivered up to said McLellan his bond aforesaid to be cancelled; and at the same time the said Stephen Codman, Robert Ilsley, and Thomas Robison, Jr. gave to said Cartwright their bond, conditioned that, whereas the said lands, notwithstanding the deed of conveyance thereof to said McLellan, were really and truly the estate of the said Thomas Robison, deceased, they, the said obligors, "should hold the same, subject to all lawful claims against the estate of said Thomas Robison, and subject to the provisions of the last will and testament of the said Thomas Robison, and should surrender the same to the aforesaid Richard Cartwright, the executor of said will, or his lawful representative, when thereunto required for the purposes aforesaid; and, in the mean time, should annually account for, and pay to the said Richard Cartwright, or his lawful representatives, the rents arising from the same or any part thereof." But no valuable consideration was in truth paid to said McLellan by any of the grantees named in said deed, for the conveyance aforesaid.

The said Elizabeth Robison, widow of the testator, upon his decease, entered into possession of all his real estate by virtue of the will aforesaid, including the estates held in trust as aforesaid, taking the rents, income, and profits thereof, as well as of said personal estate, with the consent of the executor, administrator de bonis non, devisees, and heirs at law of said testator, until her decease, which happened on the 8th day of August, A. D. 1829. And at her decease

there was left, as is said, of the personal property once belonging to the said testator, the amount of about 5,300 dollars vested in bank-stock, by Lemuel Weeks, administrator de bonis non of the said testator, and standing in his name as such, subject to the uses and purposes appointed in the said will.

On the 21st day of November, A. D. 1814, the said Stephen Codman, by his deed of bargain and sale, conveyed to his son, Henry Codman of the city of Boston aforesaid, one undivided third part of all the lands and premises described in the deed to the said Ilsley, Robison, and Codman aforesaid, he, the said Henry, at the time of said conveyance paying no valuable consideration for the same, and having full knowledge of the trusts aforesaid. The said Thomas Robison, Jr., during his lifetime, acted as the agent of his said mother, and of his brothers and sisters in all matters touching the estate of their father; and in that capacity he received from said Richard Cartwright, executor as aforesaid, large sums of money belonging to said estate, and he died August 25th, A. D. 1823, intestate and insolvent, being at the time of his decease indebted to the said estate, as well for moneys so received as for other causes, in the sum of 17,874 dollars and 72 cents; and all his estate and property, excepting any interest which he may have had in the lands and property devised and bequeathed to the said widow Elizabeth Robison, his mother, in manner aforesaid, has been distributed to and among his creditors and his widow, according to the laws of Maine providing for the distribution of insolvent estates, thereby paying about sixty per cent. of his just debts. And he left a wife, Elizabeth Robison, and several children. The said Hannah Codman died November 30th, 1819, in the lifetime of her mother, leaving issue the said Henry Codman, and also Stephen, Edward, and Elizabeth A. E. Codman, plaintiffs; also Richard C. Codman, who died August 17th, 1821, under age, leaving no widow nor issue. The said Richard Robison also died in the lifetime of his mother, leaving issue. The said Richard Cartwright died in the lifetime of the said widow Elizabeth Robison, whereupon the said Lemuel Weeks was duly appointed administrator of the goods and estate of said Thomas Robison not already administered by said Cartwright, and received letters of administration thereon, with the will annexed, according to the laws of Maine. But neither the said Cartwright, nor his lawful representative, nor the said Weeks, ever demanded the surrender of the said trust estates and property for any of the purposes aforesaid; the other estate of said testator being amply sufficient for the payment of his debts, and for all other purposes of his will. Whereupon, as the plaintiffs insist, the said trust estate created by the deed and bond last aforesaid, having survived to the said Stephen Codman, and the said Henry Codman holding one third thereof in the same trust, it was their duty, upon request, after the decease of the said Elizabeth Robison, to have surrendered and conveyed the same premises to the plaintiffs, as the devisees and heirs and representatives of the devisees thereof, under the will of their ancestor, Thomas Robison, aforesaid, by such deeds of conveyance as counsel learned in the law might advise, and to have permitted the plaintiffs to enter upon and enjoy the same; saving to the said Henry Codman his part thereof, as one of the heirs of his mother, Hannah Codman, aforesaid. And John P. Boyd, Esquire, of said Portland, lately appointed administrator of the goods and estate of said Thomas Robison, Jr., which were not before administered, is about to sell one third part of said trust property for the benefit of the creditors of his intestate, under the laws of Maine, claiming the same under said deed, as the estate of said intestate, and liable by law for the payment of his debts, and at other times claiming one eighth part of the same, as the estate of his intestate as a devisee under the will of his father for the same purposes. And Eliza Robison, widow of said Thomas Robison, Jr., claims dower in said one third part, and at other times in one eighth part, of said premises, under and by virtue of the laws of Maine, and of the deed and will aforesaid: and is about to sue in some of the judicial courts of Maine for the same. Whereas the plaintiffs charge the contrary, and that the real estate, described in said deeds, came to the grantees Codman, Ilsley, and Robison in trust, and for the uses and purposes appointed and contained in the will of Thomas Robison aforesaid; that upon the decease of said grantees, Ilsley and Robison, the said estate survived to said Stephen Codman in trust as aforesaid. That the said Henry Codman, by his said deed, took one third part thereof in the same trust, that the said Thomas Robison, Jr., at his decease, in the lifetime of his mother, had nothing in said lands and tenements which by law was liable to his creditors for the payment of his debts, nor of which his widow is dowable. The bill closes in the usual form praying for an injunction to restrain Boyd from selling any part of the premises, and Eliza Robison from claiming dower, &c. The answers of Stephen Codman, Henry Codman, John P. Boyd, and Eliza Robison, admitted generally the facts stated in the bill.

The case was submitted to the court upon the bill and answers, without argument on either side, the bill having been originally brought by consent of all the parties concerned, for the purpose of obtaining the opinion of the court upon the merits, and waiving all questions of form.

Simon Greenleaf, for plaintiffs.

Mr. Codman, Mr. Emery, and P. H. Greenleaf, for defendants.

STORY, Circuit Justice. This case having come on to be heard by consent of the parties upon the bill and answer, and having been submitted without argument, the object of all the parties being to obtain a decree upon the merits, I consider all objections as to the want of parties, and all formal objections whatsoever as waived. I am not certain, however, that I have a complete understanding of all the points intended to be raised by the parties. But, as far as I comprehend them, I shall proceed to state what I consider the legal results in a very brief manner.

The first question is, whether, under the conveyance of Thomas Robison, the testator, to Arthur McLellan, and the conveyance of the latter to Stephen Codman, Thomas Robison, the son, and Robert Ilsley, the estate of Thomas Robison, the testator, in the premises passed to Codman, Robison, and Ilsley, as joint tenants or as tenants in common. My opinion is, that, under the statute of Massachusetts respecting conveyances of this sort, —St. March 9, 1786, (1785, c. 62),—the grantees took the estate as tenants in common, and not as joint tenants, upon the trusts specified in the conveyances. And if it had been otherwise, the conveyance of Stephen Codman to Henry Codman would have been a complete severance of the joint tenancy. So that Stephen Codman, Thomas Robison, the son, and Robert Ilsley, each took one third part of the premises, as tenants in common in fee, in trust; and the trust, as to Stephen Codman, has now devolved on his son, Henry Codman.

The next question is, whether Stephen Codman is entitled to hold, as tenant by the courtesy, the portion of the said premises, so conveyed in trust, which came to his wife as heir and devisee of Thomas Robison, the father. I think he is. By the common law, the husband is entitled to courtesy in the trust estate of his wife, in the same manner as he would be if it were a legal estate. Our law is, as I understand it, the same.

The next question is, whether Stephen Codman is entitled to any portion of the same trust estate, as heir of his son Richard C. Codman. I am of opinion that he is not. The estate descended to Richard C. Codman from his mother on her decease, and he died under age, unmarried, and without issue. Under such circumstances, by the statute of Maine, as well as of Massachusetts, regulating descents, I think his share passed, not to his father, but to the other children of his mother. If he had died over age, it would have been otherwise, and his father would have been his heir.[2]

The next question is, whether John P. Boyd, as administrator of Thomas Robison, the son, has any right to sell any more of the trust estate conveyed to his intestate as aforesaid, than by McLellan, than belonged to him as heir and devisee of his father, Thomas Robison; in other words, has he a right to sell the whole one third part vested in his intestate by the conveyance of McLellan, or only his interest in the trust estate according to the will of his father. My opinion is, that Boyd can sell no more of the estate than what belonged to his intestate as devisee of his father. An estate held by an intestate in trust for other persons, is not liable to be sold for payment of his own debts.

The next question is, whether Elizabeth Robison, the widow of Thomas Robison, the son, is entitled to dower in any part of the estate so held by her husband, under the conveyance of McLellan, and, if in any, what part. So far as her husband held the property merely in trust, it is not subject to dower, for estates held by the husband in trust are not liable to the dower of his wife. The only point worthy of consideration is, whether, so far as respected his own share in the trust estate under his father's will, there was not a merger of the trust estate in the legal estate, so as to unite them, and give him pro tanto a seisin in fee discharged of the trust. I rather think, that this is the true legal result, as the legal estate as to his share is co-extensive with the trust estate, that is, each is a fee. If so, Mrs. Robison would have been entitled to her dower in such share of her husband, (which the bill states to be one eighth part,) if her husband had survived his mother. But, as during the lifetime of his mother he was seised only of his share in the remainder or reversion after her decease, his wife can take nothing in the premises by way of dower, for dower cannot be of a mere remainder or reversion.

I am not aware of any other points intended to be raised by the parties. But if there be, it will be for them to suggest them before a decree is made.

Upon the foregoing views I am of opinion, that there ought to be an injunction to John P. Boyd against selling any more of the trust estate, than by the devise of the testator came to the share of his son, Thomas Robison, Jr.; that the plaintiffs are entitled to have a decree for their respective shares in the trust estate to be conveyed to them; that Stephen Codman has no title in the premises, except as tenant by the courtesy; and that Elizabeth Robison has no right or title to dower in the premises. The case ought to be referred to a master to consider and report, what conveyances ought to be made, and by whom, to the plaintiffs in the premises; and in the mean time, all further orders are to be reserved until the coming in of the master's report.

The district judge concurs in this opinion, and therefore let a decree be entered accordingly.

---

[2] R. C. Codman was in fact over twenty-one years of age at the time of his death; and the bill was subsequently amended so as to conform to the fact.

NOTE. The parties at May term, 1832, waived going to a master, and entered into arrangements, conforming exactly to the decree upon the merits.