CORA OLSEN, MINNIE YOUNGERMAN, LOUISA YOUNGERMAN
AND CONRAD YOUNGERMAN, JR., v. GEORGE H. YOUNG-
ERMAN, FRANK YOUNGERMAN, SIMON CASADY AND
CROM BOWEN, Appellants.

**Trusts:** TERMINATION: EQUITY JURISDICTION. A court of equity has
1 power to dissolve a trust before the expiration of the term for
which created, where the estate has fully vested and all parties
consent thereto.

**Same.** A bequest to trustees with absolute control and power of
2 disposition the income from which is to be paid, part to the
donee and balance to his children, and upon the death of the
donee any portion then remaining to go to his children, share
and share alike, or the survivor of them, is an active and exist-
ing trust which will not be terminated by a court of equity
prior to the death of the donee.

*Appeal from Polk District Court.*— HON. A. H. McVEY,
Judge.

TUESDAY, NOVEMBER 19, 1907.

MINNIE YOUNGERMAN died testate April 26, 1905, and
her will was duly admitted to probate. Six children sur-
vived her, and to each, or to the trustees for the benefit of
the children of each, she left one-sixth of the residue of

her estate remaining after the payment of certain legacies. The debts of deceased will not exceed $500, while there is $19,234.19 in the hands of the executor out of which to pay these, together with certain legacies, not exceeding in the aggregate $10,000. In addition to this, there are some household goods and one thousand and ninety-eight shares of stock in a corporation known as the " C. Youngerman Estate, Incorporated." In the fourth paragraph of the original will, testatrix devised and bequeathed " to Simon Casady and Crom Bowen, as trustees, in trust only for the use of my son George H. Youngerman or his heirs, as hereinafter set forth, an individual one-sixth."

The disposition to be made of this was indicated in the next paragraph, which was subsequently superseded by item 5 of the first codicil, which may be set out in full:

Item V. I desire and direct, that the one-sixth so devised and bequeathed to the said Simon Casady and Crom Bowen, as trustees, in trust, for the use and benefit of my said son, George Youngerman and his children, shall be managed and controlled by them, the said trustees and their successors in this trust, during the lifetime of the said George Youngerman, they, the said trustees, to collect, all rents, incomes, and profits arising therefrom, and to make and execute all deeds, conveyances, releases and leases, and other instruments, as may be necessary and proper in their judgment, for the due execution of said trust, without obtaining the order of any court therefor, and to pay each year in quarterly payments, the net income arising from the said interest, rents and profits, after paying all expenses thereof, and the expenses connected with or incident to this trust, to my said son George Youngerman, and to his four children now living to-wit: Mrs. Cora Oleson, Minnie Youngerman, Louisa Youngerman and Conrad Youngerman, each the one-fifth part of said net income; that is to say, to the said George Youngerman, one-fifth; to the said Mrs. Cora Oleson, one-fifth; to the said Minnie Youngerman, one-fifth; to the said Louisa Youngerman, one-fifth; and the said Conrad Youngerman, one-fifth, and at the death of my said son, George Youngerman, said trustees or their successors in

this trust are hereby directed and required to pay over, or transfer, the principal sum then remaining of the undivided one-sixth, so devised to said trustees, to the children of my said son George Youngerman, now living, to-wit: Mrs. Cora Oleson, Minnie Youngerman, Louisa Youngerman and Conrad Youngerman, each share and share alike; and in case of the death of any one of the four children above named, prior to the death of their father, the said George Youngerman without leaving children, issue of their body, the share of said deceased child, so dying without issue, in the rents and profits, as well as the principal sum, shall be distributed between the survivors of said four children. And I hereby direct that the said quarterly payments herein ordered and directed to be paid to the said George Youngerman, by the said trustees, to-wit: one-fifth of the net income, shall be paid to the said George Youngerman in person, and in no event shall any such payment or any part thereof be paid to any assignee or creditor of the said George Youngerman, and in case any creditor of the said George Youngerman shall attempt by means of any legal process to collect the same, then I direct, that the amount so coming to the said George Youngerman shall be paid to the children of the said George Youngerman, above named, or the survivors as above stated, in the same manner and in the same proportion as if he, the said George Youngerman, was then deceased, as hereinbefore stated.

All of the beneficiaries are of age, and it is their contention that, being *sui juris,* and entitled to four-fifths of the use and to the property, the trust as to such four-fifths of the property should be dissolved and the same turned over to them and the trusteeship as to one-fifth thereof only continued in order that the income to be derived therefrom may be paid George H. Youngerman during the period of his natural life as contemplated by the will. The district court so decreed, and the trustees appeal.— *Reversed.*

*Bowen & Brockett,* for appellants.

*A. D. Pugh,* for appellees.

LADD, J.— By the terms of the will and codicils, the one-sixth of the estate passed to the trustees as such only to be managed by them during the life of George H. Younger-

1. TRUSTS: termination: equity jurisdiction.

man, to pay one-fifth of the net income quarterly to said George and the same proportion to each of his four children, and, upon the death of said George, to distribute all or that portion of the one-sixth of the estate then remaining to said children if they survive their father, share and share alike; but, in event of the death of any one of the children prior to the death of their father, without leaving children, issue of their body, that the share of such deceased child in the income, as well as the property, be distributed to the surviving children of said George Youngerman. In short, George H. Youngerman is not interested in the four-fifths of the one-sixth of the testatrix's estate disposed of in the fourth clause of the will and the fifth item of the first codicil, and the plaintiffs are entitled to the income and to the property itself if they survive him upon the decease of their father. Neither alienation of the income or the property by the children is prohibited, though it is otherwise provided as to the portion of the income to be paid the father. As to him the will creates what is termed a spendthrift's trust. See *Roberts v. Stevens,* 84 Me. 325 (24 Atl. 873, 17 L. R. A. 266). If the plaintiffs are entitled to the beneficial use, and nothing but time is wanting to entitle them to the property itself, there is no reason for the continuance of the trust. In that event, they are the only parties interested, and, if they deem it for their best interest to terminate the trust and care for the property themselves, no tenable ground exists for denying them the privilege. The trust in such a case interferes neither with the alienation of the *corpus* of the estate nor the income, so that no practical advantage can result from an attempt to enforce the manipulation of the property in accordance with the wishes of the testator as expressed in the will. As laid down in *Smith v. Harrington,*

4 Allen (Mass.), 566: " Where property is given, granted, or bequeathed to certain individuals to be used, appropriated, and applied for their benefit, and in such manner that no other person or persons have or can have any interest in it, they thereby become, in effect, the absolute owners of it, and may exercise all rights belonging to them in that relation. It is easy to create a trust that cannot be annulled or interfered with. This may be done in various ways. If, for instance, the use of an estate or the income of property be given to one or more persons for life, with remainder over at his or their decease to their respective heirs, or if given for. some intermediate time, and then upon the happening of some specified contingency to pass to other designated parties who may then be in being, the trust must be preserved, because, until the death of the beneficiary in the one case or the occurrence of the contingency in the other, it cannot be known to whom the property will finally come. In the meantime there is no one competent to execute a valid discharge to the trustees, because it cannot be ascertained in whom the right of property will ultimately become vested. Such, and all similar provisions, are very different from that made by the testator in the present case, where his heirs at law, taken collectively, are to be considered as the sole and exclusive owners of the property bequeathed, because they alone have any beneficial interest in it." This is quoted with approval in 2 Beach on Trusts and Trustees, section 505, where the author says that in a simple trust the beneficiary, if not laboring under incapacity of any sort, has a right to have the legal estate vested in himself or another, as he may direct, on the ground that he is the absolute owner and the courts should recognize his right of possession. To the same effect, see Perry on Trusts, section 920; *Sears v. Choate,* 146 Mass. 395 (15 N. E. 786, 4 Am. St. Rep. 320); *Tilton v. Davidson,* 98 Me. 55 (56 Atl. 215). There can be no doubt in the light of authorities of the power and duty of the court to decree the termination of a trust

where all interested under it are vested in the same persons who request that it be dissolved, and the only remaining inquiry is whether such is the situation in the case at bar.

II.    It will be observed (1) that there are no words of gift in the bequest of this one-sixth of testatrix's estate, save to the trustees; (2) that title is given the trustees,

2. SAME.    who are to have complete control of the property during the period of the trust, being authorized not only to collect rents and receive profits, but to execute deeds, leases, and other instruments according to their discretion and without orders of court; (3) that, upon the death of George H. Youngerman, the trustees. are to " pay over or transfer," not the proprerty bequeathed, but " the principal sum then remaining of the undivided one-sixth "; (4) and share and share alike to plaintiffs, naming them, or, in event of the death of one of them without issue, to the survivors of them.   So that the trust was an active one, and not only are those .who are to be recipients of the testatrix's bounty uncertain, but the entire instrument plainly indicates her intention that time be annexed to substance of the gift, or, in other words, that the gift is to be made in the future, and not immediately upon her death. See *McClain v. Capper,* 98 Iowa, 145; *Taylor v. Taylor,* 118 Iowa, 407, and *Archer v. Jacobs,* 125 Iowa, 467, where the rules with reference to determining whether a remainder is vested or contingent are so fully stated that it is unnecessary to repeat them.   As applied to the facts of this case, two well-established rules of construction may be adverted to:    (1)   Where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate, contingent, nor vested; and (2) where the gift is of money, and the direction to convert the estate is absolute, the legacy given to a class of persons vests in those who answer the description and are capable of taking at the time of distribution. *In re Crane,* 164 N. Y. 71 (58 N. E. 47).   In *Smith v. Edwards,* 88 N. Y. 92, the

court said that, "where the gift is in the direction to pay or distribute at a future time, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is the essence of the gift." Two exceptions to the above rules were noted in *Re Crane, supra:* (1) Where the postponement of payment is merely for the purpose of letting in an intermediate estate; and (2) where there are words importing a gift in addition to the direction to the trustees to pay over, divide, or distribute. It is apparent that in the first of these the class of legatees may be determined at the time of the testator's death, and in the last the language outside of the direction to distribute imports a present gift to the beneficiaries upon the death of the testator. Manifestly the conditions of the will before us bring it within neither of these exceptions, but rather the rule first stated, for, as heretofore noted, the entire one-sixth of the estate is to continue in the possession and to be controlled by the trustees during the life of George Youngerman. There is not an intimation in the instrument that the beneficiaries have or acquire any interest in the property, save its use prior to that event. Even then, the principal remaining, and not that bequeathed, is to be distributed, not to plaintiffs, but to the survivors of them if any die without issue, and, if with issue, necessarily to the survivors and heirs or legatees. In short, the several interests of plaintiffs have not vested, and will not until the termination of the trust as provided in the will. In addition to the decisions cited, see *Rudd v. Cornell,* 171 N. Y. 114 (63 N. E. 823); *In re Baer,* 147 N. Y. 348 (41 N. E. 702); 30 Am. & Eng. Ency. of Law (2d Ed.) 771 *et seq.; Meek v. Briggs,* 87 Iowa, 611; *Brandenburg v. Thorndike,* 139 Mass. 102 (28 N. E. 575). In the last cited cases the residue of the property was given to trustees who were directed to pay a certain sum to the wife each year during her life, and add the remainder of the net income to the estate during her life and the whole of the net

income, after her death and at the expiration of three years
thereafter or earlier, or later as to the trustees seemed ex-
pedient, pay and transfer to certain nieces and nephews then
surviving, share and share alike, and one share to the issue
then surviving of any one of them then deceased, and the
court declined to dissolve the trust, even though the widow
had waived the right to take under the will and elected to
take the one-third instead, on the ground that the beneficial
interests in the trust had not vested as the widow was
still alive, and it could not be known who would be entitled
thereto.   In *Carney v. Kain,* 40 W. Va. 758 (23 S. E.
650), the subject of the dissolution of a trust was fully dis-
cussed, the court holding that the discretionary power of the
court should not be exercised in closing the trust where it
was the intention of the creator thereof that the control and
management of the property should continue in the hands
of the trustees and subject to their discretion, or where the
ultimate purposes of the trust have not yet been ac-
complished.   See *Gerard v. Buckley,* 137 Mass. 475; *Story
v. Palmer,* 46 N. J. Eq. 1 (18 Atl. 363), 3 Am. & Eng.
Ency. of Law (2d Ed.) 953.

The consensus of opinion seems to be that an active
trust wherein the interests of the several beneficiaries have
not vested should not be closed, for that this cannot be done
without defeating the manifest intention of the trustor, and
the facts of this case bring it clearly within this rule.   As
was observed in *Cuthbert v. Cuthbert,* 136 N. Y. 326 (32
N. E. 1088, 18 L. R. A. 745), trusts are usually created for
the purpose of withholding from the beneficiaries or other
interested parties the control and disposition of the principal
of the fund for reasons which appear sufficient to the trustor,
and they are not usually regarded with satisfaction by the
persons who are deprived of the possession of the estate.
This, however, furnishes no ground for disregarding the
conditions on which the bounty is to be bestowed, nor for
refusing to carry out the expressed design of the party creat-

ing the trust. Courts of chancery, in the exercise of their supervisory powers may dissolve trusts before the expiration of the terms for which created, but such power will not be exercised save in exceptional cases, as where impossible of performance because of conditions unforeseen or where the estate has vested and all parties in interest consent, and other similar situations. In no case to which our attention has been directed has any court strangled an active trust in which the interest of none of the beneficiaries has vested and before the trustees have fairly entered upon the discharge of their duties.

The decree of the court was erroneous, and is *reversed*.