(No. 13361.—Decree affirmed.)

MARY KRAMER *et al.* Plaintiffs in Error, *vs.* THE SANGA-
MON LOAN AND TRUST COMPANY, Defendant in Error.

*Opinion filed June 16, 1920.*

1. WILLS—*when each tenant in common has cross-remainder in
share of the other or others.* Where lands are given to two or more
as tenants in common with remainder over on the death of all of
them there arises an estate in the surviving grantee or grantees
which is called a cross-remainder, each grantee having reciprocally
a remainder in the share of the other or others; and where a tes-
tator shows an intention that the estate shall go over as a whole,
cross-remainders will be implied whatever may be the number of
persons designated in the original gift.

2. SAME—*words will be given their ordinary meaning unless an-
other meaning is intended.* Where it is necessary in order to carry
out the clear intention of the testator words in a will may be con-
strued to have a meaning not commonly given them, but unless such
an intention is clearly expressed in the will words should be given
their ordinary meaning.

3. SAME—*when children of testator have cross-remainders until
death of all of them.* Where a testator directs a trustee to pay the
income of his estate to his three children and provides in a subse-
quent clause that "at the death of all" of the children the estate
shall go to his grandchildren then living, the three children have
cross-remainders by implication in the shares of each other until
the death of all, and at the death of one the survivors take no part
of the estate in fee. (*Addicks* v. *Addicks,* 266 Ill. 349, followed.)

WRIT OF ERROR to the Circuit Court of Sangamon
county; the Hon. E. S. SMITH, Judge, presiding.

T. W. HOOPES, and J. W. TEMPLEMAN, for plaintiffs in
error.

B. L. CATRON, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

The question raised by this writ of error is the con-
struction to be given clause 3 of the will of Patrick Canty.
After directing the payment of his debts he devised and

bequeathed the remainder of his property, consisting principally of farm lands in Sangamon county and residence property in Springfield, to a trustee to manage and control, with directions to pay the income in equal shares to his son, William B. Canty, and his two daughters, Catherine Billington and Mary Kramer. The third clause then provided: "At the death of all my said children herein named, I hereby will, devise and bequeath said real estate and personal property to my grandchildren then living, the child or children of each of my said daughters or son taking the same part thereof as his, her or their mother or father would have taken if I had died intestate." The three children of the testator survived him. The son was never married and died intestate, leaving as his only heirs-at-law his two sisters. Three grandchildren are now living,—a son of Catherine Billington and two daughters of Mary Kramer.

The circuit court of Sangamon county construed the will to give cross-remainders for life, by implication, to the three children of testator. Plaintiffs in error contend that the doctrine of cross-remainders by implication can not apply because the property is not given over as a whole, but, on the contrary, is given over by three independent gifts, thereby making equal distribution of testator's estate by thirds among his three children and their descendants. They contend that the word "all," used as the fifth word of the third clause of testator's will, was used in the sense of "any" or "each," so that at the death of William B. Canty the surviving sisters each became seized in fee of an undivided one-sixth of said estate.

When lands are given to two or more as tenants in common with remainder over on the death of all of them, there arises an estate in the surviving grantee or grantees which is called a cross-remainder, because each of the grantees has reciprocally a remainder in the share of the other or others. When the testator shows an intention that the estate shall go over as a whole, cross-remainders will be

implied whatever may be the number of persons·designated in the original gift. (23 R. C. L. 554, *et seq.*) Where it is necessary in order to carry out the clear intention of the testator, words in a will may be construed to have a meaning not commonly given them; but where the intention· of the testator is clearly expressed by his will, words should be given their ordinary meaning. We find nothing in this will which would justify us in construing the word "all" to mean "each" or "any." We think the intention of the testator, clearly expressed, was that his estate was to go over as a whole after the death of all his children. He desired to provide that his children, to the last survivor, should have the full benefit of the income of his estate, and that after the death of the last survivor of his children his estate should then be distributed among his grandchildren *per stirpes*. We think the clause following the words "then living" means simply that the remainder in fee shall pass to the grandchildren *per stirpes* and not *per capita*.

In *Addicks* v. *Addicks*, 266 Ill. 349, we collected the authorities on the subject of cross-remainders and discussed the question at some length. While counsel for plaintiffs in error attempt to distinguish this case from the *Addicks case*, we think, in principle, there is no distinction. In the *Addicks case* the remainder in fee passed to the grandchildren *per capita* and not *per stirpes*, but that would not affect the estate arising by implication in the first takers. We have considered all the points raised by plaintiffs in error, and we think that what we said·in the *Addicks case* controls the question here presented.

The decree of the circuit court was correct, and it is therefore affirmed.                    *Decree affirmed.*