JAMES RANKIN DAVIS, Trustee under the last Will and Testament of Ella M. Goodman, late of the City of Wilmington, State of Delaware, deceased,

*vs.*

HORACE W. GOODMAN, JEANETTE W. DEBLOIS, BLANCHE W. LEWIS and GRACE T. WELDIN.

*New Castle, Sept.* 20, 1930.

*James Rankin Davis*, for complainant.

*Hugh M. Morris*, for defendant Horace W. Goodman.

*Benjamin T. Biggs*, for the remaining defendants.

THE CHANCELLOR. The question which the bill presents is whether or not Horace W. Goodman is entitled to receive any, and if so what, part of the estate of Ella M. Goodman in his absolute right free and discharged from all trusts.

The facts as above stated are admitted. By the will of Mrs. Goodman, Sarah R. Weldin was given the entire estate upon trust for Frank R. Goodman and Horace W. Goodman for life, remainder to herself absolutely. Her interest in remainder was a vested one and capable of disposition by will. Not being otherwise disposed of by her will, it composed a part of the residue of her estate and accordingly passed under her will's residuary clause.

The interest in the Goodman estate which Mrs. Weldin had in remainder therefore passed under her will. Under the thirteenth item, Horace W. Goodman received an absolute vested right in remainder to one-fifth of the Goodman estate, and under the fourteenth item he acquired a like absolute interest in another fifth by reason of the death of Frank A. Goodman.

Therefore as to two-fifths of the corpus of the trust estate which Mrs. Goodman created, Horace W. Goodman is the absolute owner in remainder. At the same time he is the beneficiary for life of the entire trust estate created by Mrs. Goodman. This is for the reason that under the language of Mrs. Goodman's will, cross remainders for life were created in Horace W. Goodman and his brother (who is now dead), for where a gift over of the whole is not until after the death of all the beneficiaries for life, the survivor will take a life interest in the whole. *Hawkins on Wills*, (2d Ed.) *p.* 248; 1 *Theobald on Wills*, *pp.* 257, 258.

We have then a case where one has a life interest by way of trust in the entire corpus, and an absolute vested right in remainder to two-fifths thereof.

That being the situation, the beneficial interest for life which Horace W. Goodman has in the two-fifths, merges or coalesces with the absolute interest which he has therein in remainder. The sole purpose of the trust which Mrs. Goodman created ap-

pears to have been to preserve the estate for the persons entitled ultimately to receive it. Horace W. Goodman is now that person in so far as a two-fifths interest is concerned. The trust in the two-fifths should therefore be terminated, for where the only purpose of a trust is such as this one was and the events are such as we have here, a merger of the beneficial interest with the legal one takes place and the common owner of both interests is entitled to immediate possession. 26 *R. C. L. p.* 1211; 8 *R. C. L. Permanent Supplement, p.* 3857; 2 *Pomeroy, Equity Jurisprudence,* (*4th Ed.*) § 788; *Perry on Trusts and Trustees,* § 13; *Robinson v. Codman,* 20 *Fed. Cas. page* 1056, *No.* 11970; *Mendenhall's Appeal,* 151 *Pa.* 214, 25 *A.* 44; *Tilton v. Davidson,* 98 *Me.* 55, 56 *A.* 215.

Of course if the terms of the trust were such as to show that the purpose of its creation was something more than the mere preservation of the estate for the person ultimately entitled to it, so that the obliteration of the trust would destroy or endanger the fulfillment of the purpose, the doctrine of merger would not apply. See the case of *Equitable Trust Co. v. Snader, et al., ante p.* 203, 151 *A.* 712, recently decided by this court.

A decree will be entered terminating the trust created by Mrs. Goodman as to two-fifths of the corpus thereof and directing the trustee to deliver the same to Horace W. Goodman in his absolute right.