SECURITY TRUST COMPANY, a corporation of the State of Delaware, Trustee under Items Sixth and Ninth, respectively, of the Will of Severson B. Cooling, Sr., deceased,

<em>vs.</em>

SAMUEL COOLING and SECURITY TRUST COMPANY, a corporation of the State of Delaware, surviving executors under the Will of Agnes S. Cooling, deceased; SAMUEL COOLING; SECURITY TRUST COMPANY, a corporation of the State of Delaware, executor under the Will of. Severson B. Cooling, Jr.; ALICE BALL COOLING, a minor; EMILY R. COOLING, Guardian for Alice Ball Cooling; MARJORIE ANN COOLING GLADDING and EMILY' R. COOLING.

*New Castle, October 23, 1950.*

*W. Reese Hitchens,* of Hering, Morris, James & Hitchens, for Security Trust Co., trustee, the plaintiff.

*W. Thomas Knowles,* for Emily R. Cooling, guardian for Alice Ball Cooling, a minor.

*Clement C. Wood,* for Samuel Cooling and Marjorie Ann Cooling Gladding.

*Bayard W. Allmond,* for Emily R. Cooling.

*Donald W. Booker,* for Samuel Cooling and Security Trust Company, surviving executors of the will of Agnes S. Cooling, deceased, and Security Trust Co., executor of Severson B. Cooling, Jr., deceased.

HARRINGTON, Chancellor: Security Trust Company, the plaintiff trustee, seeks a further construction of the

will of Severson B. Cooling, deceased. Other questions under the same instrument were before this court in 28 *Del. Ch.* 303, 42 *A. 2d* 784.

The questions now raised are caused by the death of Severson B. Cooling, 3d, one of the two children of Severson B. Cooling, Jr., a deceased son of the testator. The Sixth and Ninth Items contain the pertinent provisions.

By the Ninth Item, the testator bequeathed and devised the residue of his estate, both real and personal, to Security Trust Company, the plaintiff, in trust, however, to pay "one-half of the net income derived therefrom" to each of his two sons, Samuel Cooling and Severson B. Cooling, Jr., during their respective lives.

The same item further provided:

"* * * and from and after the death of either and both of my said sons, leaving issue living, in further trust to pay over one-half of said net income, in equal shares, to the issue of each of my sons so dying, for and during their respective lives; and upon and after the death of such issue, respectively, to pay over an equal share of the one-half of said principal then remaining in the hands of my said Trustee, and one-half of the then accumulated income thereon, to the issue of any child or children of my respective sons, in equal shares, free and discharged from any trusts. If any such issue of any child or children of my respective sons should die without leaving issue living, then to pay over his, her or their respective share of said principal, and any interest then accrued thereon, to the issue of the survivor or survivors of them, freed and discharged from any trusts. If either of my said sons should die during the continuance of the trusts herein provided, without leaving issue living, then in further trust to hold said principal and pay said net income to the survivor of my said sons, and his issue, and to pay said net income and distribute said principal to his and their issue, as hereinabove provided."

The testator by the Sixth Item of his will, bequeathed $300,000 to Security Trust Company, the plaintiff, in trust, first, to pay the income thereon to his widow, Agnes S. Cooling, during her lifetime. After her death, the directions with respect to the payment of the income from that fund to his two sons for life and to their children for life and

ultimately for the distribution of the corpus were the same as in Item Ninth, though in some respects in slightly different language.

Severson B. Cooling died in 1931 leaving to survive him his widow, Agnes S. Cooling, and two sons, Samuel Cooling and Severson B. Cooling, Jr.

Agnes S. Cooling died in 1938 and by her last will and testament bequeathed the residue of her property to the said Samuel Cooling and Severson B. Cooling, Jr., in equal shares. Samuel Cooling and Security Trust Company were the executors of her will and her estate has been finally settled and closed.

Severson B. Cooling, Jr., died May 1, 1940, leaving to survive him his widow, Emily R. Cooling, and two children, Severson B. Cooling, 3d, and Alice Ball Cooling, the latter of whom was born after the death of the testator, her grandfather. Severson B. Cooling, Jr., by his last will and testament, gave all of his property and estate, absolutely, to his widow. Emily R. Cooling, and named Security Trust Company the executor of his will. His estate is still in the process of administration, certain duly probated claims being unpaid. After the death of Severson B. Cooling, Jr., his two children, Severson B. Cooling, 3d, and Alice Ball Cooling, each received the income from a one-half part of the capital funds on which he had received the income during his lifetime. Their respective rights to such income during their lives are not questioned.

Samuel Cooling is living and is receiving the income from a one-half part of both trust funds. He has one daughter, Marjorie Ann Cooling Gladding, who was born prior to the death of the testator.

Severson B. Cooling, 3d, died unmarried and without issue on or about August 10, 1949, leaving to survive him his mother, Emily R. Cooling, and his sister, Alice Ball Cooling, both of whom are living.

The plaintiff trustee seeks instructions on the following

questions: (1) whether, because of an implied cross remainder, Alice Ball Cooling, the surviving child of Severson B. Cooling, Jr., is entitled for life to the income on the part or share of the trust fund on which her brother, Severson B. Cooling, 3d, received the income during his lifetime; (2) whether that part of the income is payable to the surviving life beneficiaries under the will of the testator, and if so in what proportions; (3) whether, on the death of Severson B. Cooling, 3d, the part of the trust fund on which he received the income during his lifetime was intestate property and belonged, clear of the trust, to the estate of Agnes S. Cooling, widow of the testator, to his son, Samuel Cooling, and to Emily R. Cooling, the sole legatee and devisee under the will of Severson B. Cooling, Jr., deceased; and (4) if such part of the trust fund be intestate property of the estate of the testator, must any part of it be paid to the executors of Agnes S. Cooling, deceased, and to the executor of Severson B. Cooling, Jr., deceased?

Summarized briefly, under Item Ninth of the testator's will, the plaintiff trustee was directed (1) to pay one-half of the net income from the residue of his real and personal estate to each of his two sons during their respective lives; (2) upon the death of either and both sons "leaving issue living", to pay one-half of such net income "in equal shares, to the issue of each" of his sons "so dying, for and during their respective lives"; (3) "upon * * * the death of such issue, respectively, to pay over an equal share of the one-half of said principal then remaining in the hands of my said Trustee, and one-half of the then accumulated income thereon, to the issue of any child or children" of the testator's "respective sons, in equal shares" free from any trusts; and (4) "If any such issue of any child or children" of the testator's "respective sons should die without leaving issue living," then to pay his, her or their "respective share of said principal, and any interest then accrued thereon, to the issue of the survivor or survivors of them", free from any trusts.

The provisions of Item Sixth corresponding to the provisions designated as 3 and 4 of Item Ninth are:

(3) "upon * * * the death of such issue, respectively," the trustee was directed "to pay over the said principal then remaining" in its hands "and the income then accumulated thereon, to the issue of any child or children" of the testator's "respective sons, in equal shares," freed from any trusts;

(4) "If any such issue of any child or children" of the testator's "respective sons should die without leaving issue living, then to pay over his, her or their respective share of said principal, and accrued income, to the issue of the survivor or survivors of said issue, in equal shares," freed from any trusts.

The testator's will contained no express provision giving to Alice Ball Cooling, on the death of her brother, Severson B. Cooling, 3d, a life interest in the income which he had received during his lifetime, but it is claimed that such an intent is implied from the general scheme of the will.

When not expressly given, testamentary gifts will only be implied if clearly necessary to carry out the testator's intent. *Equitable Trust Co. v. Johnson*, 28 *Del. Ch.* 45, 36 *A. 2d* 257; 33 *Amer. Jur.* 540. Therefore, in order to create cross remainders by implication, the testator's will must clearly indicate an intent that no other person shall take any part of a bequest or devise by way of remainder so long as any of the prior life takers are alive. *Davis v. Goodman*, 17 *Del. Ch.* 231, 152 *A.* 115; 33 *Amer. Jur.* 540; 69 *C.J., Wills* 583. The usual test is whether the rights of the takers of prior life interests were intended to go to the remaindermen as a whole and at one time. *Davis v. Goodman, supra; Kramer v. Sangammon Loan & Trust Co.*, 293 *Ill.* 553, 127 *N.E.* 877; *Doe v. Webb*, 1 *Taunt.* 234, 25 *Eng. Ru. Cas.* 702; 33 *Amer. Jur.* 540; 2 *Simes Fut. Int.*, § 435.

The governing rule was concisely stated by the Chancellor in *Davis v. Goodman, supra* [17 *Del. Ch.* 231, 152 *A.* 116]:

"Where a gift over of the whole is not until after the death of all the beneficiaries for life, the survivor will take a life interest in the whole."

Generally, cross remainders will be implied if there is a testamentary "gift for life or in tail to two or more persons as tenants in common followed by a gift over of all the property at once." 2 *Simes Fut. Int.*, § 435.

But this case does not come within that rule.

As we have seen by Item Ninth on the death of either or both of the testator's sons, leaving issue, he gave one-half of the net income from the trust "in equal shares to the issue (child or children) of each of" his sons so dying, "for and during their respective lives." This would seem to indicate that on the death of a son, the testator intended to give separate and individual life interests to the children of that son. See *Smith v. Savin, ante p.* 347, 73 *A.* 2d 785. The solicitor for the guardian of Alice Ball Cooling says, however, that other provisions of the will indicate that the gift to grandchildren was a class gift, in the nature of a tenancy in common, and an intent that no rights in the share of the income, originally payable to Severson B. Cooling, Jr., for life, should ultimately pass to subsequent beneficiaries until the death of both of his children, Severson B. Cooling, 3d, and Alice Ball Cooling. The direction mainly relied on by the guardian is "upon * * * the death of such issue, respectively," the trustee should pay to "the issue of any child or children" of the testator's respective sons "an equal share of the one-half of said principal then remaining in the hands" of the trustee "and one-half of the then accumulated income thereon, * * * in equal shares," free from any trusts. But the facts of this case do not come within that provision.

The pertinent provision is "if any such issue of any

child or children" of the testator's sons "should die without leaving issue," the plaintiff trustee was to pay his, her or their "respective share of said principal, and any interest then accrued thereon, to the issue of the survivor or survivors of them" free from any trusts. That express provision seems to be inconsistent with an implied intent to create cross remainders in the income for life between Severson B. Cooling, 3d, and Alice Ball Cooling, or any other person. It violates the rule against perpetuities, *Security Trust Co. v. Cooling*, 28 *Del. Ch.* 303, 42 *A. 2d* 784, and cannot be carried out but must be considered in determining the testator's intent. The corresponding provisions of Item Sixth, though likewise void, must be considered for the same purpose.

As the bequest of both principal and the accrued income thereon, after the death of a grandchild without leaving issue, under Item Sixth were void and the corresponding provisions of Item Ninth, the residuary clause, were also void, such bequests in both items, after the death of Severson B. Cooling, 3d, were intestate property of the testator. *Bruno v. President, Directors and Company of the Farmers Bank*, 29 *Del. Ch.* 87, 46 *A. 2d* 549; *Doe ex dem. Hearn v. Cannon*, 4 *Houst.* 20; *Equitable Trust Co. v. Delaware Trust Co.*, 30 *Del. Ch.* 348, 61 *A. 2d* 529.

The shares of the corpus on which Severson B. Cooling, 3d, received the income during his lifetime, and the accumulated income thereon, therefore, belong to the estate of the testator's widow, Agnes S. Cooling, to his son, Samuel Cooling, and to the estate of his son, Severson B. Cooling, Jr., deceased.

Any real property of the testator's estate was long ago converted into personal property pursuant to the authority given by his will. See *Security Trust Co. v. Cooling, supra.*

The primary share of Samuel Cooling in such intestate property is payable to him by the trustee.

The estate of Agnes S. Cooling, the testator's widow, has been closed and I see no reason why her share of such property cannot also be distributed by the trustee directly to the persons entitled under her will after the deduction of any taxes that may be due. See *Huxley v. Security Trust Co.*, 27 *Del. Ch.* 206, 33 *A.* 2d 679; *Equitable Trust Co. v. Foulke*, 28 *Del. Ch.* 238, 40 *A.* 2d 713.

There are, however, unpaid probated debts against the estate of Severson B. Cooling, Jr., and his share of the intestate property and his share of the estate of Agnes S. Cooling should be paid to Security Trust Company, the executor of his will. *Id.*

An order will be entered accordingly.