EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Will of Martha McComb Bush, deceased,

*vs.*

ELEANOR SNADER, CRAIGE SNADER, CRAIGE SNADER, JR., ALICE DANFORTH OATES, C. REGINALD OATES, JOSHUA DANFORTH BUSH, JR., and HENRY McCOMB BUSH.

*New Castle, March 6, 1931.*

*Robert H. Richards*, of the firm of Richards, Layton & Finger, for complainant.

*William F. Kurtz*, and *Thomas McConnell, 3d*, of Philadelphia, Pa., for defendants.

THE CHANCELLOR. The question which I raised at the conclusion of the former opinion filed in this cause was whether or not there was such an identity between the corpus of the life estates in the Henry S. McComb property and the remainders in fee therein as would permit the operation of the doctrine of merger to the fullest extent. This question was based on the thought that inasmuch as the life estates were created in four separate trusts, the corpus of each of which appeared to be different from any other, and the four estates in remainder were joint estates in each of those trusts, it might be said that the corpus of the property in which each of the life beneficiaries had an absolute interest in remainder was distinct in identity from the corpus of the property in which each had a life interest in trust and that therefore there could be no merger except as to each child's one-fourth interest in the trusts set apart for him or her.

After hearing the solicitors at the bar, I am persuaded that the question upon which I invited argument should be dismissed as of no moment. It is based on an assumption which is not tenable. That assumption is that when Mrs. Bush died leaving her will, it was the duty of the trustee to break the Henry S. McComb property over which she had the power of disposition into four parts, as it did, each part to form the corpus of a distinct trust, one for each child. As to the appointive estate with which we are alone here concerned, its disposition is to be determined as of the moment of Mrs. Bush's death. Her will, read in the light of the law, was that as of that moment she directed the appointive estate to be held in trust one-fourth for each of her children respectively for life, with remainder over as to the whole to all four of her children absolutely. Thus there was at the moment her will took effect a joint interest in trust in the whole for life to be later subdivided, with a joint remainder over absolutely. Now inasmuch as the law merged these two interests into

a present absolute one, there never was any occasion to make a division into four parts. The act of the trustee in making the division should therefore be ignored. Inasmuch as the trust interests had under the law coalesced with the absolute interests in remainder, the trusts disappeared from view as though they had never been created. The division which was made for the purpose of carrying out trusts that were non-existent, should not of course be allowed the effect of altering the rights of the parties.

Decree in accordance with the foregoing.