MARY SLAVATA JESSOP, complainant,

v.

ABRAM A. LEBSON, defendant.

[Decided June 28th, 1940.]

*Messrs: Rafferty & Clohosey,* for the complainant.

*Mr. Abram A. Lebson, pro se.*

STEIN, V. C.

Ford Robert Jessop in his lifetime executed a trust agreement dated December 30th, 1937, and therein named himself trustee. The trust estate consisted of 124 shares of the common stock of Hankins Container Company. The trust agreement provided that the income from the trust estate be paid to complainant, the wife of the settlor, during her life, and upon her death should she predecease the settlor or should they become separated or divorced, the trust estate was to be transferred to the settlor.

Settlor died on June 6th, 1938, leaving a will in and by which he devised his entire estate to his wife. She now brings this bill in which she prays that this court decree that the trust has terminated.

The trust agreement contains no provisions for the disposition of the *corpus* of the trust estate except in the event that settlor's wife predeceased him or they became separated

or divorced. Neither of these events occurred. Upon the death of the settlor title to the *corpus* vested in complainant, she being the sole beneficiary under his will. When the right to the income and the ownership of the *corpus* becomes vested in the same person and all that remains to be done is the collection of the income from a fund, and pay it over without any qualification to the person who owns the fund, the trust becomes passive, and in equity, the legal estate of the trustee passes to and vests in the owner. *Camden Safe Deposit and Trust Co.* v. *Guerin, 89 N. J. Eq. 556; 105 Atl. Rep. 189.*

A decree will be advised terminating the trust and directing the trustee to deliver the *corpus* of the trust to complainant.