LEWES TRUST COMPANY, a corporation of the State of Delaware,

*vs.*

MARION BARNES SMITH, JOHN BARNES SMITH, and the RECTOR, WARDENS and VESTRY OF THE ST. PETER'S PROTESTANT EPISCOPAL CHURCH, a religious corporation of the State of Delaware.

*Sussex, May 12, 1944.*

*James M. Tunnell, Jr.,* of Tunnell & Tunnell, for Lewes Trust Company, complainant.

*Robert G. Houston,* for Marion Barnes Smith.

*Houston Wilson,* for John Barnes Smith.

*Daniel J. Layton, Jr.,* for the Rector, Warden and Vestry of St. Peter's Protestant Episcopal Church.

HARRINGTON, Chancellor: The testator by the Third Item of his will gave, devised and bequeathed the residue of his estate to the Lewes Trust Company in trust among other things,

"* * * to pay to or use for the maintenance and support of my daughter, Marion Barnes Smith, the entire net income from my Trust Estate, for and during the term of her natural life.

"Upon the further Trust, upon the death of my said daughter, the Trust Estate to continue in the hands of my said Trustee and the entire net income to be paid to or used for the maintenance of my grandson, John Barnes Smith, for and during the term of his natural life.

"Upon the further trust, upon the death of both Marion Barnes Smith, and my grandson, John Barnes Smith, I direct my Trust Estate to be continued in the hands of my said Trustee and the entire net income to be paid to St. Peters Protestant Episcopal Church at Lewes, Delaware.

"I realize that there has been and is a continuous change in investment conditions. The trend is toward lower interest returns on invested capital and, in view of this fact, it is possible that the income from my estate could become insufficient to pay the necessary expenses of my daughter and grandson.

"I would consider $40.00 a month the minimum amount to be paid to my daughter and afterward to my grandson and, if at any time my estate fails to provide this amount, I empower my Trustee to make it up by liquidating sufficient of my investments to do so.

"This exception does not apply in the case of St. Peters Church. I desire my Trustee to pay to them only the net yearly income from this Trust.

"It is my desire that my son-in-law, N. S. Smith, have no part, say, share, or control in my estate or affairs after my decease. I do not want him to as much as put his hand or foot in or on my premises."

By the codicil, dated May 26th, 1939, the testator provided however:

"In my Will, dated November 8, 1937, I directed my Trustee to pay to or use, the entire net income from my estate for the maintenance and support of my daughter, Marion Barnes Smith and in a later paragraph I stated I considered forty dollars ($40.00) a month the minimum amount to be paid to her or to my grandson, John Barnes Smith.

"I desire this paragraph changed to read—

"I direct my Trustee to pay only forty dollars ($40.00) per month to my daughter, Marion Barnes Smith, for her lifetime and to allow any and all income above this amount to accumulate and this accumulation of income to be paid to my grandson, John Barnes Smith, at the decease of Marion Barnes Smith and thereafter, the whole income on my estate to be paid to my grandson, John Barnes Smith, as it may accrue.

"With above exceptions, I desire my will of November 8, 1937 to be effective and operative as it is written."

The testator's original will, therefore, directed the trustee to pay to his daughter, Marion Barnes Smith, or to "use for her maintenance and support," the whole of the income from the trust estate "during the term of her natural life"; and upon her death, such income was "to be paid to or used for the maintenance" of his grandson, John Barnes Smith, "for and during the term of his natural life." Upon the death of "both," the trustee was to continue to hold the fund, and was directed to pay the entire net income therefrom to St. Peter's Protestant Episcopal Church at Lewes, Delaware.

The codicil thereto materially changed and lessened the daughter's rights by directing the complainant trustee "to pay" to her "only forty dollars ($40.00) per month * * * for her lifetime."

But the important provision is the direction to the trustee "to allow any and all income above that amount to accumulate and this accumulation of income to be paid" to the testator's grandson, John Barnes Smith, "at the decease of" Marion Barnes Smith. After her death, the whole of the income from the corpus of the trust is to be paid to John

Barnes Smith "as it may accrue." Both Marion Barnes Smith and John Barnes Smith claim that the latter took a vested interest in the fund which the trustee was directed to accumulate during the lifetime of his mother, and, as that fund has been assigned to her, that there is no reason why that part of the trust should not be terminated and all excess income be immediately paid to her; that no material purpose of the testator would be defeated thereby.. The trustee very properly seeks instructions with respect to that alleged right; and in view of the recognized general jurisdiction of this court over the administration of trusts, the right of the matter can be determined and enforced on the complainant's bill alone, without the necessity of any cross bills being filed.

John Barnes Smith seems to have taken a vested interest in the excess income from the trust; though payment of that sum was postponed until the death of his mother, his rights are immediate and indefeasible, and in no sense conditioned upon his surviving her. *Wilmington Trust Co. v. Bronxville Trust Co.*, 24 Del. Ch. 64, 5 A. 2d 248; *Cann v. Van Sant*, 24 *Del. Ch.* 300, 11 *A.* 2d 388; *Frame v. Cann*, 24 *Del. Ch.* 353, 16 *A.* 2d 248; *Conwell's Adm'r. v. Heavilo's Adm'r.*, 5 *Harr.* 296. The only uncertainty relates to the time of payment, and not to the recipient of the gift. *Id., Simes, Future Int.*, § 355. But the fact that the gift is vested is not the decisive factor in this case. Ordinarily, the equitable owner of a fund under a general trust containing no spendthrift or other similar restrictive provisions, can assign it. *Security Trust & Safe Deposit Co. v. Martin*, 10 *Del. Ch.* 330, 92 *A.* 245; *Wilmington Trust Co. v. Wilmington Trust Co.*, 25 *Del. Ch.* 193, 15 *A.* 2d 665; *Gray, Adm'r., v. Corbit*, 4 *Del. Ch.* 135; 1 *Scott on Trusts*, § 132. That general right is recognized by *Claflin v. Claflin*, 149 *Mass.* 19, 20 *N.E.* 454, 3 *L.R.A.* 370, 14 *Am. St. Rep.* 393. Furthermore, when the transfer of such an interest is not prohibited by the creator of the trust, the beneficiary can

give it away as freely as he can sell it (1 *Scott on Trusts,* § 134.2), but the assignee can take no greater rights than the assignor has.

In England, a testator's direction that a fund, in which a beneficiary has a vested interest, shall be accumulated and payment postponed until the happening of a future event, is regarded as an improper restraint on his right to its use and enjoyment, and he may, therefore, demand immediate payment. *Saunders v. Vautier,* 49 *Eng. Repr.* 282, aff'd., 41 *Eng. Repr.* 482; *In re Coutuier,* 1907, 1 *Ch.* 470; *Harbin v. Masterman,* 1894, 2 *Ch.* 184; 3 *Pom. Eq. Jur.,* (5th Ed.) § 991 *b.*

In *Saunders v. Vautier, supra,* the Master of the Rolls said:

"* * * Where a legacy is directed to accumulate for a certain period, or where the payment is postponed, the legatee, if he has an absolute indefeasible interest in the legacy, is not bound to wait until the expiration of that period, but may require payment the moment he is competent to give a valid discharge."

But in the United States, the testator's intention is generally the controlling factor, and a clear direction to a trustee to accumulate a fund cannot be disregarded unless some rule of law or well-defined rule of public policy is violated thereby. *Claflin v. Claflin,* 149 *Mass.* 19, 20 *N.E.* 454, 3 *L.R.A.* 370, 14 *Am. St. Rep.* 393; *Shelton v. King,* 229 *U.S.* 90, 33 *S. Ct.* 686, 57 *L. Ed.* 1086; *De Ladson v. Crawford,* 93 *Conn.* 402, 106 *A.* 326; *Restatement, Trusts,* § 337 *j; Scott on Trusts,* §§ 337.1, 337.3; 37 *A.L.R.* 1423.

Whatever the testator's motive might have been in postponing the payment of the legacy to his grandson, there is nothing unreasonable about that provision of his will, and the appearing defendants concede that it would be difficult to reject the rule of *Claflin v. Claflin* in a jurisdiction which recognizes spendthrift trusts. See *Wilmington Trust Co. v. Wilmington Trust Co.,* 25 *Del. Ch.* 193, 15 *A. 2d* 665. That principle governs this case.

The *Restatement of the Law of Trusts* (§ 337 *j, supra*) aptly states:

"If by the terms of the trust it is provided that the trust shall not terminate until a certain time, or until the happening of a certain event, the court will not ordinarily decree the termination of the trust until the specified time has arrived or the specified event has occurred, although the sole beneficiary of the trust is under no incapacity, and wishes to terminate the trust."

See also 3 *Pom. Eq. Jur.,* (*5th Ed.*) § 991 *b, supra.* Applying this rule, the assignment by John Barnes Smith cannot defeat the testator's clearly expressed intent with respect to the time of payment of the fund in controversy and the termination of that part of the trust. Whatever the testator's real purpose might have been in directing that the excess income be accumulated until a particular time, it cannot be said that it has been fully accomplished. Cases where successive interests in income and principal have been ultimately acquired by the same person, and the trust terminated on the ground of merger of the equitable and legal interests (*Equitable Trust Co. v. Snader,* 17 *Del. Ch.* 203, 151 *A.* 712; *Id.,* 17 *Del. Ch.* 308, 154 *A.* 15; *Davis v. Goodman,* 17 *Del. Ch.* 231; *Scott on Trusts,* § 337.1) are not applicable. Furthermore, under the codicil to the testator's will, Marion Barnes Smith took no interest whatever in the excess income from the corpus of the trust. Nor is *Equitable Trust Co. v. Proctor,* 27 *Del. Ch.* 151, 32 *A.* 2d 422, in point. The trustee is, therefore, instructed that it has no right to pay the excess income from the trust fund to anyone during the lifetime of Marion Barnes Smith.

A decree will be entered in accordance with this opinion.