WILLIAM G. CRUMLISH, JR., and JOHN S. CRUMLISH,

Defendants Below, Appellants,

*vs.*

DELAWARE TRUST COMPANY, Executor under the Will of Ella C. Brady Deakyne,

Complainants Below, Appellee.

*Supreme Court, On Appeal, May 15, 1944.*

LAYTON, C. J., and RICHARDS, RODNEY, SPEAKMAN, and TERRY, JJ., sitting.

*James R. Morford,* of the firm of Marvel & Morford, and *Thomas Cooch,* for appellants.

No appearance for appellee.

RODNEY, J., delivering the opinion of the court:

The Chancellor in his opinion, reported in *Delaware*

*Trust Co. v. Fitzmaurice, ante p.* 101, 31 *A.* 2d 383, did not directly pass upon the interest of John S. Crumlish in his share of the residuary estate. By inference the Chancellor did consider the matter, for he held that the interest of John S. Crumlish in the fund of $837.88, created by the first codicil, was not subject to the trust set out in item 11 of the original will, but that the trust provisions of item 11 only referred to the interest of John S. Crumlish under item 10 of the will, which was his interest in the residuary estate. The decree of the Chancellor, from which the appeal is taken, however, specifically by paragraph 5 requires that the interest of John S. Crumlish in the residuary estate be maintained in trust during the life of John S. Crumlish, and after his death be distributed in accordance with the terms of item 11 of the will. John S. Crumlish contends that his interest in the residuary fund is not such an interest as is contemplated by item 11, and that he is entitled to this fund free of any trust.

We think the Chancellor was clearly right in his decree. While the interest of Sarah Josephine Crumlish, sister of the testatrix, in the residuary estate was limited to her for life, and after her death limited to a class, viz., her children living at the time of her death, yet it was expressly stated that John Crumlish was one of this class and "that sums of money or portions of my Estate * * * payable, bequeathed or delivered to John Crumlish, child of my sister Sarah Josephine Crumlish should be held in trust." In this fund John Crumlish had but a life interest, and after his death his share was payable to William G. Crumlish, Jr., or if he was not living then to the next of kin of the testatrix. The intent of the testatrix as to this interest seems entirely clear, and the trust must be preserved.

As to William G. Crumlish, Jr.:

The interest of William G. Crumlish, Jr., consisted of two items: (1) his interest as one of the two surviving child-

ren of Sarah Josephine Crumlish in the one-third portion of the residuary estate bequeathed by item 10 of the will, and (2) his interest in one-half of the sum of $837.88 bequeathed by the 3d item of the first codicil. If these two instruments had stood alone and unaffected by subsequent disposition, the interest of William G. Crumlish, Jr., would have been an absolute one.

The first paragraph of the second codicil provided:

"The furniture that I left in my Will to J. Bradley Bradford and William G. Crumlish is to be sold and the money I left William G. Crumlish in my will is to be put in trust for him as long as he lives."

While the interest of William G. Crumlish in the sum of $837.88 was bequeathed in the first codicil and not in the will itself, the Chancellor construed the words "in my Will" as inclusive of the first codicil. He draws attention to the fact that the furniture authorized to be sold by the second codicil and described as having been "left in my Will," was in fact bequeathed in the first codicil, and he concludes that the words "in my Will" were used in the broader sense and included the subsequent additions to the original testamentary instrument. In this we think he was correct.

The Chancellor viewed as valid and effective the trust for William G. Crumlish as set out in the second codicil. By his decree the Chancellor required both the sum of $418.94 (½ of $837.88) and the one-half of the third part in the residuary estate to be held in trust for William G. Crumlish for life, and instructed the trustee upon the death of William G. Crumlish to apply to the court for further instructions as to the disposition of the principal or corpus of the two funds.

The Chancellor in his opinion, in speaking of the fund of $837.88, and in directing that one-half of such sum be held in trust for William G. Crumlish, said, "It is unnecessary to determine the disposition of that fund at his death." With this conclusion the appellant takes exception.

It is the contention of the appellant, William G. Crum-

lish, that he is solely entitled to the entire income of the trust funds for life, and solely entitled to all of said funds in remainder. As a consequence, the appellant argues that the beneficial interest for life merges or coalesces into the absolute interest which he has in remainder, and that the trust is terminated. For this he cites *Davis, Trustee, v. Goodman,* 17 *Del.Ch.* 231, 152 *A.* 115, and *Equitable Trust Co. v. Snader,* 17 *Del.Ch.* 203, 151 *A.* 712, as modified in 17 *Del.Ch.* 308, 154 *A.* 15. In the *Goodman* case it was held that Goodman had a life interest, by way of trust, in the entire corpus and an absolute vested right in remainder in two-fifths thereof, and that the beneficial interest in two-fifths merged with the absolute interest in remainder and that the trust, to that extent, was terminated.

In the *Snader* case it was held that while the intent of the creator of the trust is a highly important factor, if not a controlling one, yet when there has been a complete merger or coalescence of the trust interest for life and the absolute interest in remainder, "the trusts disappeared from view as if they had never been created."

It is suggested that an entire absence of any restraint on alienation of income removes the trust from the field of spendthrift trusts and leaves the beneficiary able to anticipate or dispose of both income and remainder and thus could bring about, in the hands of the alienee, the termination of the trust.

The present ascertainment of the full and complete interest of William G. Crumlish depends upon the legal and proper determination of the devolution of the trust corpus upon his death. We think he is entitled to have this matter now determined so as, thereby, to ascertain his present interest and whether the trust has been or should be terminated.

This court is not able to determine this matter because the proper parties are not before us on this appeal. This question was presented but not answered in the court below. We think that this question must be remanded for further

proceedings. The decree appealed from is therefore affirmed insofar as it applies to John S. Crumlish, and insofar as it applied to William G. Crumlish the matter is remanded to the Court of Chancery, in and for New Castle County, for further proceedings in accordance herewith. For that purpose the decree as to William G. Crumlish, Jr., is reversed.