DELAWARE TRUST COMPANY, a corporation of the State of Delaware, Executor and Trustee under the will of Ella C. Brady Deakyne, Deceased,

*vs.*

THE RT. REV. EDMOND J. FITZMAURICE, Roman Catholic Bishop of the Diocese of Wilmington, SISTERS OF CHARITY OF ST. PETER'S SCHOOL, INCORPORATED, a corporation of the State of Delaware, THE ROMAN CATHOLIC MALE PROTECTORY, INCORPORATED, CHRIST OUR KING CHURCH, a religious corporation of the State of Delaware, JOHN B. BRADFORD, CONSTANCE BRADFORD, GEORGE T. OGLE, ELLEN MARIE OGLE, ELIZABETH RUTH OGLE, WILLIAM G. CRUMLISH, JR., JOHN S. CRUMLISH, ELEANOR DOHERTY, LOUIS BUSH BRADFORD, GEORGE S. BRADFORD, KATHERINE B. BURNS, ELIZABETH B. DOUGHERTY, RUTH M. OGLE, MAURICE KIRBY BRADY, JOHN BRADLEY BRADY and PARKE HOWLE BRADY,

*New Castle, September 12, 1944.*

*William Poole,* of the office of Southerland, Berl & Potter, for complainant.

*James R. Morford,* of the firm of Marvel & Morford, and *Thomas Cooch,* for William G. Crumlish, Jr.

*Robert H. Richards, Jr.,* of the firm of Richards, Layton & Finger, and *Sidney V. Smith,* of Washington, D. C., for John Bradley Brady, Maurice Kirby Brady, and Parke Howle Brady.

HARRINGTON, Chancellor: Ella C. Brady Deakyne, by Item 10 of her will, gave and bequeathed the residue of her

property to the Delaware Trust Company, the complainant in trust.

The income therefrom was payable to her husband, Thomas Deakyne, during his lifetime. At his death, the testatrix directed the trustee to pay to her sister, Sarah Josephine Crumlish, $837.88, which represented a portion of the money which she inherited from her father's estate. The remainder of the trust fund was to be divided into three equal parts, and the income on one of those parts paid to Sarah Josephine Crumlish "for and during the term of her life." At her death, Ella C. Brady Deakyne gave and bequeathed "the principal of said one equal third part thereof to her (Sarah Josephine Crumlish's) children then living at the time of her death, and to the issue of any deceased child of hers, such issue of any such deceased child to take among them the share their parent would have taken if then living."

Item 11 of the will provided:

"It is my will, and I so direct that sums of money or portions of my estate, that are herein and hereby made payable, bequeathed or devised to John Crumlish, child of my said sister, Sarah Josephine Crumlish, shall be paid to said Union National Bank, as trustee for the said John Crumlish, in trust, to pay the net income therefrom to the said John Crumlish, for and during the term of his natural life; and upon his death, in further Trust, to pay the principal of said Trust Fund, or sum of money so held in trust for the said John Crumlish, to William Crumlish, brother of the said John Crumlish, if living at that time; and in further Trust, if the said William Crumlish be not then living, then to pay said principal of said fund so held in trust for the said John Crumlish, equally to and among the next of kin of the said Ella C. Brady Deakyne, in full execution of the said recited trust of and for the said John Crumlish."

A codicil to the will of the deceased, dated July 1st, 1936, in part, provided:

"Item 3. Whereas, in Item 10 of my will, I directed my Trustee therein named, upon the death of my husband, Thomas Deakyne, to pay the sum of Eight Hundred and Thirty seven and 88/100 Dollars

to my sister, Sarah Josephine Crumlish; now due to the fact that my said sister is now dead, I hereby give and bequeath said sum of Eight Hundred and Thirty Seven Dollars and Eighty Eight cents, to the children of the said Sarah Josephine Crumlish, and to the survivor of them, if either one be dead. at the time of my death."

"Item 5. I hereby name, constitute and appoint Delaware Trust Company, a corporation of the State of Delaware, * * * * as the Executor of my said last will and Testament, and codicils thereto; and also I appoint it as the Trustee to carry into effect all of the Trusts created in or by my said last Will and Testament, and any Codicils thereto. The appointment of Delaware Trust Company instead of and in place of any Executor or Trustee heretofore appointed, I now, and hereby, make, and I hereby now appoint said Delaware Trust, my Executor and Trustee. In all other respects, I hereby ratify and confirm my said last Will and Testament."

A second codicil, dated January 10th, 1939, provided:

"The furniture which I left in my will to J. Bradley Bradford and William G. Crumlish is to be sold, and the money I left William G. Crumlish in my will is to be put in trust for him as long as he lives."

Thomas Deakyne, the husband of the testatrix, is dead. Her sister, Sarah Josephine Crumlish, predeceased her, but left two children, William G. Crumlish, sometimes referred to in the will as William G. Crumlish, Jr., and John S. Crumlish, both of whom survived Ella C. Brady Deakyne, and are still living. The immediate rights of William G. Crumlish are, alone, involved in this proceeding. The rights of John S. Crumlish were determined by the Supreme Court on appeal, and in that respect the decree of this court was affirmed. *Crumlish, et al., v. Delaware Trust Co.*, 27 *Del. Ch.* 374, 38 *A.* 2d 463.

It is conceded that by Item 10 of the original will of the testatrix, and by the first codicil thereto, two funds were bequeathed to William G. Crumlish, absolutely: (1) A one-half part of the fund on which his mother, Sarah Josephine Crumlish, would have received the income for her life had she survived the testatrix; and (2) a one-half part of $837.88 ($418.94) which was a portion of the

amount the testatrix had received from the estate of her deceased father.

By providing in the second codicil that "the money I left William G. Crumlish in my will is to be put in trust for him as long as he lives," the testatrix then gave the beneficiary an equitable life interest in both of these funds, and, therefore, postponed his right to their immediate possession; but there is nothing to indicate that the original bequests to William G. Crumlish were otherwise changed. There are no bequests over, and the language of the second codicil is consistent with the conclusion that the ultimate legal remainders were otherwise disposed of by the testatrix, and did not pass under the Intestate Laws. See *Bringhurst v. Orth,* 7 *Del. Ch.* 178, 44 *A.* 783.

The Supreme Court agreed with the conclusion of this court that the words "in my will," appearing in the second codicil, were used in a broad and comprehensive sense, and applied both to the original will and to the subsequent additions thereto. The reason for that conclusion will not be repeated here. The result is that William G. Crumlish has an equitable life interest in these funds which entitles him to the income thereon during his lifetime, and to the remainder, clear of the trust, at the termination of the life interest.

The use of the usual formal and technical words is always important in determining whether a trust has been created; but their use is not essential when it otherwise clearly and unequivocally appears that a trust was intended. *Tippett v. Tippett,* 24 *Del. Ch.* 115, 7 *A.* 2d 612; *Jones v. Bodley, Ex'r.,* 26 *Del. Ch.* 218, 27 *A.* 2d 84; *Bodley, Ex'r., v. Jones,* 27 *Del. Ch.,* 273, 32 *A.* 2d 436.

Moreover, the first codicil appoints the complainant "the Trustee to carry into effect all of the Trusts created in or by said last Will and Testament, and any Codicils thereto." There is a general rule of construction that a

clear absolute gift will not be cut down to a smaller interest without the use of equally clear and specific language (*James, Adm'r., v. James,* 16 *Del. Ch.* 34, 139 *A.* 787; *National Bank of Smyrna v. Ireland,* 19 *Del. Ch.* 76, 162 *A.* 54) ; but rules of construction are not applicable when the intent of the testatrix is apparent.

Notwithstanding the equitable and legal rights of William G. Crumlish in the entire fund, it does not follow that he can terminate the trust and demand immediate payment; that would defeat the clear intent of the testatrix. For some reason, she did not wish him to have full possession and control during his lifetime, and, unless some rule of law or state policy is violated, her intent is the controlling factor. *Lewes Trust Co. v. Smith, ante p.* 64, 37 *A.* 2d 385, involved somewhat similar facts, and is the governing case *In re Hamburger's Will,* 185 *Wis.* 270, 201 *N.W.* 267, 37 *A. L. R.* 1413, is also pertinent.

There can be no merger of equitable and legal rights, held by the same person, when it would defeat the clear intent of the testatrix. 3 *Pom. Eq. Jur.,* (*5th Ed.*) §§ 788, 788*a.* Both *Equitable Trust Co. v. Snader,* 17 *Del. Ch.* 203, 151 *A.* 712; *Id.,* 17 *Del. Ch.* 308, 154 *A.* 15, and *Davis v. Goodman,* 17 *Del. Ch.* 231, 152 *A.* 115, recognize that rule. They hold that even if an ultimate absolute legatee acquires the rights of a prior equitable life owner, there is no merger if the trust is clearly intended for some purpose other than the mere preservation of the fund, for the benefit of the ultimate taker.

The corpus of the trust must, therefore, be held by the trustee during the life of William G. Crumlish, but the income therefrom is payable to him from time to time.

A decree will be entered accordingly.

Note. On appeal the decree was reversed with directions in an opinion to be reported in 29 *Del. Ch. Reports.* See 46 *A.* 2d 888.