WILLIAM G. CRUMLISH, JR.,
Defendant Below, Appellant,

*vs.*

DELAWARE TRUST COMPANY, a corporation of the State of
Delaware, Executor and Trustee under the Will of
Ella C. Brady Deakyne, deceased,
Complainant Below, Appellee.

and

THE RT. REV. EDMUND J. FITZMAURICE, *et al.,*
Defendants Below, Appellees.

*Supreme Court, On Appeal, April 29, 1946.*

504

RICHARDS, C. J., SPEAKMAN, TERRY and CAREY, JJ., sitting.

James R. Morford, of the firm of Marvel and Morford, and Thomas Cooch, for appellant.

No appearance for appellees.

SPEAKMAN, Judge, delivering the opinion of the court:

The present case involves within a narrow compass the correctness of two divergent views. This divergence concerns the question as to whether a trust, not spendthrift in character, is created, and the beneficiary is solely entitled, without limitation, to the income, and also has either a vested remainder or absolute interest in the principal, and is *sui juris* and no other person is interested in the trust, whether under such circumstances the beneficiary may terminate the trust, irrespective of the intention of the creator of the trust. In its narrowest aspect the cases divide into two distinct groups in which the pivotal question is, whether, under the facts just stated, the intent of the creator of the trust is of supreme importance.

1. There is a line of English and Canadian cases stemming from *Saunders v. Vautier,* 4 *Beav.* 115, 49 *Eng. Reprint* 282, affirmed *Cr. & Ph.* 240, 41 *Eng. Reprint* 482, in which it was held that where a legacy was vested, although the enjoyment was postponed, it may be ordered to be paid to the beneficiary when he is or becomes *sui juris.* These cases are based upon the theory that the postponement of enjoyment is inconsistent with absolute

interest given, and that this is so irrespective of the intent of the creator of the trust.

2. A second class, illustrated by *Claflin v. Claflin*, 149 *Mass.* 19, 20 *N.E.* 454, 3 *L.R.A.* 370, 14 *Am. St. Rep.* 393, hold that even though the right be vested, the enjoyment may be postponed in accordance with the plain intent of the creator of the trust, unless it contravenes some positive rule of law or is against public policy.

Practically all of the English and Canadian cases and a few American jurisdictions follow the conclusion of *Saunders v. Vautier, supra.* Attention has been drawn to the fact that the doctrine of these cases had its origin in a jurisdiction where restrictions against alienation of absolute interests in the income of trust property were void and "spendthrift trusts" unknown.

The doctrine of *Saunders v. Vautier* has been approved and extended to charities by the House of Lords in *Wharton v. Masterman*, [1895] *App. Cas.* 186, affirming *Harbin v. Masterman*, [1894] 2 *Ch.* 184. It is true that in *Wharton v. Masterman* Lord Herschell said:

"The point seems, in the first instance, to have been rather assumed than decided. It was apparently regarded as a necessary consequence of the conclusion that a gift had vested, that the enjoyment of it must be immediate on the beneficiary becoming *sui juris*, and could not be postponed until a later date unless the testator had made some other destination of income during the intervening period. It is needless to inquire whether the courts might have given effect to the intention of the testator in such cases to postpone the enjoyment of his bounty to a time fixed by himself subsequent to the attainment by the objects of his bounty of their majority. The doctrine has been so long settled and so often recognized it would not be proper now to question it."

The American cases, with some few exceptions, refuse to follow the doctrine of *Saunders v. Vautier.* In line with *Claflin v. Claflin, supra,* they hold that even though the right be vested the enjoyment may be postponed in accordance with the intent of the creator of the trust, unless it

contravenes some positive rule or law, or is against public policy. In that case the estate was placed in trust and the trustee directed to pay one-third part to a named son of the testator in the manner following, viz.: "$10,000.00 when he is of the age of 21 years; $10,000.00 when he is of the age of 25 years and the balance when he is of the age of 30 years."

The court held the interest of the son was vested and absolute, and no other person had any interest in it, and that the son's interest was alienable and could be taken by creditors to pay his debts. Notwithstanding this absolute interest in the son, the court held that the intent of the testator in postponing the payment to the son was not an illegal postponement, and refused to terminate the trust.

It is entirely clear that the rule of *Claflin v. Claflin* has been the subject of severe criticism.

It is equally clear that the rule of *Claflin v. Claflin* has been followed in a large majority of American cases where the question has arisen. *Shelton v. King,* 229 *U.S.* 90, 33 *S. Ct.* 686, 57 *L. Ed.* 1086; *De Ladson v. Crawford,* 93 *Conn.* 402, 106 *A.* 326; *Evans v. Rankin,* 329 *Mo.* 411, 44 *S. W. 2d* 644; *First Wisconsin Trust Co. v. Hamburger,* 185 *Wis.* 270, 201 *N. W.* 267, 37 *A. L. R.* 1413, and cases there collected; *Gray, Rule Against Perpetuities,* (*4th Ed.*), *Sec.* 121.2, *etc.*

The rule of *Claflin v. Claflin* was adopted by the Chancellor in Delaware in *Lewes Trust Company v. Smith,* 28 *Del. Ch.* 64, 37 *A. 2d* 385. In that case the entire estate was placed in trust to pay to a daughter of the testator $40 per month during her life. The trustee was directed to accumulate all surplus income during the life of the daughter, and upon her death to pay this accumulation of income and all other current income to John Barnes Smith, grandson of the testator, and son of the daughter receiving the life income. The grandson made an assignment to his mother of his interest in the surplus income, accumulated and to accumulate,

and instructed the trustee to pay over such income. The Chancellor held that the grandson took a vested interest in the accumulation of interest, and, adopting the principle of *Claflin v. Claflin*, further held that the intent of the testator that the accumulation of income should not be paid until the death of the daughter prevented an earlier payment.

In the present case when it was before the Court of Chancery (28 *Del. Ch.* 155, 38 *A.* 2d 925, 927), the Chancellor, in refusing to terminate the trust, said: *"Lewes Trust Co. v. Smith*, 28 *Del. Ch.* 64, 37 *A.* 2d 385, involved somewhat similar facts, and is the governing case."

It is the duty of the court to consider the rule of *Claflin v. Claflin* as adopted in *Lewes Trust Co. v. Smith*, and to consider its application to the present case.

With due and merited respect for the opinion of the Chancellor, we think the cases of *Claflin v. Claflin* and *Lewes Trust Co. v. Smith* did not cover precisely the same field. In the *Claflin* case the trust was sought to be terminated by the original beneficiary, entitled to both income and corpus. This termination was refused because the court saw an intent of the testator to postpone the benefit to the original beneficiary to a later date, but during his lifetime. The court said [149 *Mass.* 19, 20 N.E. 456], "It is true that the plaintiff's interest is alienable by him, and can be taken by his creditors to pay his debts," but the case only involved the right of the beneficiary to terminate the trust, and not that of his assignee. *Lewes Trust Co. v. Smith*, on the other hand, involved the rights of an assignee of the person entitled to a vested interest in accumulations to terminate the trust, and thus went much further than the *Claflin* case.

The present case where only the beneficiary is involved, and not of an assignee, more nearly approaches the *Claflin* case than did the *Smith* case.

In the present case the pertinent language is "the

money I left William G. Crumlish in my will is to be put in trust for him as long as he lives." The trust in terms applies only to "money." Crumlish was entitled under two provisions—one was strictly money, and the other a stated share of the residue of the estate. The record does not disclose whether the residue is real or personal property, and under some circumstances certain principles might apply differently. At this time, however, the distinction will not be emphasized.

The Chancellor, in the present case, held that Crumlish "has an equitable life interest in these funds which entitles him to the income thereon during his lifetime, and to the remainder, clear of the trust, at the termination of the life interest."

It is apparent, then, that no question of a spendthrift trust here arises, or any outstanding interest in anyone else, and that Crumlish has been held to be absolutely entitled for life to the income, and also absolutely entitled to the remainder, subject only to his own life interest.

Every case that we have seen which approves and adopts the rule of *Claflin v. Claflin* is based upon the right of a creator of a trust to provide for accumulation of income for a fixed or limited time, or to merely postpone for a time the right of enjoyment of that person in whom the absolute right to the property is vested, and both situations clearly involve matters where the trust is an active one in character.

In the present case there is no question of accumulation of income; it is conceded that Crumlish is entitled both absolutely and presently to the entire income, and equally and solely entitled to the corpus; there is no element of a spendthrift trust.

The present case involves no question of the mere postponement of the enjoyment of the benefit to which Crumlish is entitled. The enjoyment is postponed beyond the life

of Crumlish, and this enjoyment can hardly be for him, but for some undetermined person taking from or through him. It must be pertinent to consider what possible motive or object the testatrix sought to enforce. Concededly no person other than Crumlish was sought to be protected. The protection of the enjoyment of Crumlish then must have been either as to principal or as to income. No personal benefit to Crumlish as to principal, as such, can be assumed when he is effectually denied any right so long as he lives, to that principal of which he is the absolute owner. The only intent of the testatrix to benefit Crumlish then must be as to income, or to the corpus as the means of producing income. Crumlish is absolutely entitled to both income and principal, and there is no spendthrift trust. He can absolutely and entirely sell and dispose of his right to the income, and also of his vested right to the corpus, and these two interests, we assume, may be subjected by his creditors to the payment of his debts. If either of these courses be taken it is apparent that the interest or benefit of Crumlish completely disappears.

In this case we are not passing upon any rights of an assignee of a beneficiary, for such matter is not before us. Here the question involved is presented by the beneficiary himself.

The same Massachusetts court, and with precisely the same judicial membership which in 1889 decided the *Claflin* case, also gave the opinion in 1888, in *Sears v. Choate*, 146 *Mass.* 395, 15 *N.E.* 786, 4 *Am. St. Rep.* 320. Both cases in the intervening years have been cited, with approval, both in Massachusetts and in many other states. *Welch v. Trustees Episcopal Theological School*, (1905) 189 *Mass.* 108, 75 *N.E.* 139; *Langely v. Conlan*, (1912) 212 *Mass.* 135, 98 *N.E.* 1064, *Ann. Cas.* 1913C, 421; *Coolidge v. Commissioner of Corporations*, (1929) 268 *Mass.* 443, 167 *N.E.* 757, 760; *Springfield, etc., Trust Co. v. Friele*, (1939) 304 *Mass.* 224, 23 *N.E.* 2d 138; *Ames v. Hall*, 1943, 313 *Mass.* 33, 46 *N.E.* 2d 403, 405.

In *Shelton v. King*, 229 *U.S.* 90, 33 *S. Ct.* 686, 57 *L. Ed.* 1086, and in the *Claflin* case, it is said the situation in *Sears v. Choate* was not anticipated by the testator and involved a resulting trust, and the case is thus distinguished. In *Sears v. Choate* it is certain that property was vested in trustees to pay the beneficiary $4,000 annually when he was 21, $6,000 per year when he was 25 years of age, and $10,000 per year when he was 30. In *Sears v. Hardy*, 120 *Mass.* 524, the residue of this large estate, other than necessary to provide for this annuity of $10,000, was paid to the beneficiary. *Sears v. Choate* solely concerned the trust fund set apart to provide the annuities. The court held that Sears was the absolute equitable owner of the fund and of the income, and no other person had or could have any interest in it. The court expressly held the trust a "simple" trust, which we understand to mean a "passive" or "dry" trust, and the court held the trust should be terminated.

In *Claflin v. Claflin*, the court said:

"* * * This is not a dry trust, nor have the purposes of the trust been accomplished, if the intent of the testator is to be carried out."

Whether a trust be active or passive is difficult to determine by a precise definition. In 2 *Perry on Trusts*, (7th *Ed.*) *Sec.* 520, it is said:

"It is a simple or dry trust when property is vested in one person in trust for another and the nature of the trust not being prescribed by the donor is left to the construction of law."

The cases seem entirely clear and uniform that a mere devise or bequest to A "as trustee for B," constitutes a dry or passive trust.

In *Denfield, Petitioner*, 156 *Mass.* 265, 30 *N.E.* 1018, 1019, four of the seven judges who sat in both *Sears v. Choate* and *Claflin v. Claflin*, agreed that a bequest to "my nephew and adopted son the sum of $3,000, (three thousand dollars,) in trust to my executors" was a dry trust.

In *Guild v. Allen,* 28 *R.I.* 430, 67 *A.* 855, 858, a bequest to a cousin of $500 "be kept in trust for her by her daughter" was held to be a dry trust.

In this state, in *Marvel, Adm'r., v. Wilmington Trust Co., et al.,* 10 *Del. Ch.* 163, 87 *A.* 1014, 1017, the Chancellor said that "the testator undertook to do what the law says he could not do as to his property, viz., create a trust without imposing on the trustee active duties respecting the trust property, and without stating or indicating, any useful purpose to be carried out respecting the property given in trust." The Chancellor terminated the trust. In *Hemphill's Estate,* 180 *Pa.* 95, 36 *A.* 409, 410, it is said that the duty to be performed by a trustee must not only involve some action on his part, but an action attended with some discretion,

"The automatic function of merely receiving for the *cestui que trust,* and immediately paying over to him the trust fund or its income, will not make a trust active. \* \* \* A trust for \* \* \* a spendthrift, or a married woman, or a party in remainder, stands ◦ \* \* on a different footing, and is equally valid, whether \* \* \* active or passive."

In *Hill v. Hill,* 90 *Neb.* 43, 132 *N.W.* 738, 38 *L.R.A.* (*N.S.*) 198, it was held that a bequest to A to hold in trust for B, but with no duties to perform and no estate in remainder or gift over constitutes a passive or dry trust. See also *Jessop v. Lebson,* 127 *N.J. Eq.* 486, 14 *A.* 2d 48; *Bellinger v. Bellinger,* 180 *Misc.* 948, 46 *N.Y.S.* 2d 263, 266; *Newcomb v. Masters,* 287 *Ill.* 26, 122 *N.E.* 85, 87; *Bellows v. Page,* 88 *N.H.* 283, 188 *A.* 12.

In *Claflin v. Claflin* and in every case following it, it is implicit that the trust must be held to be an active one with active and affirmative duties to be exercised in carrying out the intent of the testator. In the present case the trustee is not charged with any express duty, and if any purpose is at all manifested in the will which requires the continuance of the trust or the intervention of a trustee

it is solely the payment of income to Crumlish. It cannot be said that the purpose was to protect some limitation over as there is no such limitation.

The words of the present will are: "the money I left to William G. Crumlish in my will is to be put in trust for him as long as he lives." By illustration we may see how nearly the given bequest might have fallen within the given patterns, but how distinctly it falls beyond them.

(a) If the words "as long as he lives" had been omitted, leaving the property solely to Crumlish, but in trust for him, but with no duration or term, and Crumlish was entitled to income and principal, then clearly the trust would have been a dry and passive one, and the trust should be terminated.

(b) If the trust had been to pay the corpus to Crumlish "when he should arrive at the age of 35," and Crumlish was *sui juris* and solely entitled to income and corpus, then the trust would be active or passive and the trust continue or be terminated as the principles of *Claflin v. Claflin,* or *Sears v. Choate,* be followed.

In the present case the benefit to the beneficiary is postponed beyond the life of the beneficiary, and so neither the precise ruling of *Claflin v. Claflin* nor *Sears v. Choate* is exactly apposite.

We approve of the general doctrine of *Claflin v. Claflin* as we understand such doctrine in that case. Our understanding of the rule is that even though the interest of a beneficiary be vested, and no one else is interested either in the income or corpus of the estate, that the enjoyment of the beneficiary may be postponed in accordance with the plain intent of the creator of the trust, unless such intent contravenes some positive rule of law, or is against public policy.

In order, however, that an absolute interest in income

and a similar interest in principal given by a testatrix may be postponed by such testatrix as to enjoyment, such enjoyment to be postponed must be the enjoyment of the person entitled to such income and corpus. Any postponement of the benefit or enjoyment which operated or results in the benefit or enjoyment of some third party, and to the detriment of the beneficiary, must be either a *pro tanto* modification of the absolute interest of the beneficiary, or, if such interest in the original beneficiary remains an absolute one, then the postponement solely resulting in the benefit of a third person, ascertained or unascertained, must be inconsistent and entirely repugnant to the absolute interest of the beneficiary, and constitutes no reason that the trust should not be terminated at the suit of the beneficiary of the income and corpus.

The distinction is pointed out in *Young v. Snow*, 167 *Mass.* 287, 45 *N.E.* 686. A testator may give to a beneficiary an ownership qualified by the directions that the property is to remain for a time in the hands and control of trustees, and this will be valid. A testator cannot give an absolute estate and then impose restrictions and conditions absolutely inconsistent and repugnant to the estate which has been granted.

An interesting review of supposedly pertinent cases is contained in *Cleary's "Indestructible Testamentary Trusts,"* 43 *Yale Law Journal* 393, at 409. The example stated in the article is precisely the case at bar, viz., "a device to A in fee to be held in trust for his life, and he to receive the income." The article states "here again the very decided tendency is to deny premature termination," and cites *Evans v. Rankin*, 329 *Mo.* 411, 44 *S.W.* 2d 644, and *In re Will of Hamburger*, 185 *Wis.* 270, 201 *N.W.* 267, 37 *A.L.R.* 1413. The cited cases are so clearly distinguishable from the case at bar as to constitute no relevant authority.

In *Evans v. Rankin,* property was given in trust to pay the income to a daughter for life, with authority in

the trustee to expend the principal for the daughter. After the death of the daughter the remainder was given one-half to the heirs of the husband of the testatrix, and the remaining one-half to the heirs of the testatrix, herself. The daughter was, in fact, the daughter of both and became the resultant heir of both, and sought to terminate the trust. It is apparent that no gift of the remainder was made to the daughter by the will, but the remainder interest merely resulted to her upon the death of the testatrix and her husband, for want of other or further heirs. The court found in the will express language of the intent of the testatrix that the trust should continue during the life of the daughter, and this expressed intent clearly was the same whether or not all the interests should subsequently coalesce in the daughter.

*In re Will of Hamburger, supra,* the court found from the will the "paramount" intent of the testator that the widow should, under all circumstances, have every comfort by the will, suitable to her rank in life. The court held that the interest of the wife, under the terms of the will, could not be disposed of by her except by some instrument to take effect at her death. Consequently it was required to be held that the trust should not be terminated, but continue for her life.

In the case at bar the interest of Crumlish, both as to income and principal, was clearly alienable and while he was the only person interested or intended to be benefited yet he was the only person who could not possibly receive or enjoy the principal itself.

We think that the Chancellor has applied the proper rule applicable in most cases, but to apply it in the present case so as to make the trust remain operative beyond the life of the beneficiary entitled absolutely to both income and principal, is inconsistent with the rights of such beneficiary and results as to principal solely to the benefit of some undisclosed person through the personal representa-

tive of William G. Crumlish, the interest of whom was not sought to be protected by the testatrix.

We think it is not possible to ascertain any valid and discernible intent of the testatrix leading to the continuation of the trust for William G. Crumlish beyond his life, which is not repugnant and inconsistent with the absolute interests of William G. Crumlish in the income and corpus of the trust fund, and we therefore think the said trust should be terminated.

The decree will be reversed for proceedings in accordance with this opinion.