LEWES TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Last Will and Testament of John M. Barnes, deceased,

*vs.*

MARION BARNES SMITH, G. HERBERT ORTON, JR., Administrator of the Estate of John Barnes Smith, deceased, RECTOR, WARDENS AND VESTRY OF ST. PETER'S PROTESTANT EPISCOPAL CHURCH, a religious corporation of the the State of Delaware, and NATHANIEL S. SMITH.

*Sussex, September 27, 1949.*

James M. Tunnell, Jr., of the firm of Tunnell & Tunnell, filed the bill and appeared as *amicus curiae*.

*Houston Wilson,* for Marion Barnes Smith, G. Herbert Orton, Jr., Administrator of the Estate of John Barnes Smith, deceased, and Nathaniel S. Smith.

*Daniel J. Layton, Jr.,* for the Rector, Wardens and Vestry of St. Peter's Protestant Episcopal Church of Lewes.

HARRINGTON, Chancellor:   John M. Barnes, late of Lewes, by a codicil to his will devised and bequeathed the residue of his estate and property to the plaintiff, in trust, and directed it to pay $40 a month from the income accruing thereon to his daughter, Marion Barnes Smith, so long as she should live.   The remainder of the income from the fund was to be accumulated during her lifetime, and at her death paid to her son, John Barnes Smith, clear of the trust.

The original will had directed the trustee to pay the entire income from the fund to Marion Barnes Smith during her lifetime and if it should not amount to $40 a month to pay the deficiency from the corpus of the trust.   Other provisions not important to the determination of this question appear in *Lewes Trust Co. v. Smith,* 28 *Del.Ch.* 64, 37 *A.2d* 385.

Shortly after the death of the testator, John Barnes Smith assigned to his mother, Marion Barnes Smith, all of his rights in the surplus income which had then accumulated, or which might thereafter accumulate, and joined her in demanding that the trustee pay the same to her clear of the trust.   The trustee filed a bill for instructions and this court refused to direct the immediate payment of the fund on the ground that it would enable John Barnes Smith to defeat the testator's intent with respect to the time fixed for its enjoyment and would be contrary in principle to *Claflin v. Claflin,* 149 *Mass.* 19, 20 *N.E.* 454, 3 *L.R.A.* 370, 14 *Am.St. Rep.* 393.   *Lewes Trust Co. v. Smith, supra;* see also *Stier v. Nashville Trust Co.,* (6 *Cir.*), 158 *F.* 601; *De Ladson v. Crawford,* 93 *Conn.* 402, 106 *A.* 326; *Shelton v.*

*King,* 229 *U.S.* 90, 33 *S.Ct.* 686, 57 *L.Ed.* 1086; *Scott on Trusts,* § 337.3, *p.* 1846.

This is not a rehearing and any remarks of the Supreme Court in *Crumlish v. Delaware Trust Co.,* 29 *Del.Ch.* 503, 46 *A.2d* 888, 169 *A.L.R.* 451, with respect to the scope of the *Claflin* rule cannot affect the decree entered.

John Barnes Smith having since died the trustee again seeks instructions with respect to the disposition of the surplus income which has accumulated and the rights of Marion Barnes Smith, as assignee of that fund. Smith had a vested interest in the fund assigned and the direction postponing the time of its enjoyment could only have been for his benefit. Evidently the testator did not contemplate the death of his grandson before the happening of the condition upon which payment was to be made, but because of it the purpose of that part of the trust has failed. There, therefore, seems to be no good reason why the fund assigned should not be paid to Marion Barnes Smith without further delay. *Fish v. Valley National Bank,* 64 *Ariz.* 164, 167 *P.2d* 107; *Shelton v. King, supra;* 3 *Scott on Trusts,* § 335; *Restatement, Trusts,* § 335.

St. Peter's Protestant Episcopal Church of Lewes has certain rights in the Barnes trust, *Lewes Trust Co. v. Smith, supra,* but does not and could not claim any interest in the accumulated income in controversy.

An order will be entered in accordance with this opinion.